## THE PEOPLE *v.* PEDRO JUAREZ.

WHAT CONSTITUTES LARCENY.—The felonious and fraudulent taking of property with intent to deprive the owner thereof is larceny, even if the defendant did not intend to convert the same to his own use.

INSTRUCTIONS MUST APPLY TO THE TESTIMONY.—It is not error for the Court to refuse to give instructions asked for in a criminal case, which are not required by or founded on any part of the testimony in the case.

APPEAL from the County Court, Santa Cruz County.

The defendant was convicted and sentenced, and appealed. The other facts are stated in the opinion of the Court.

*J. C. Willson*, for Appellant, in support of the point that larceny could not be committed unless the property was taken *lucri causa*, cited Russell on Crimes, definition larceny, and authorities there cited.

*J. G. McCullough, Attorney-General*, for the People, cited *People* v. *Lockhard, ante,* and *The People* v. *King*, 27 Cal. 507.

By the Court, RHODES, J.

Indictment for grand larceny.

The appeal is taken from the judgment alone.

The defendant requested the Court to instruct the jury as follows: "The jury must be satisfied, from the evidence,

beyond a reasonable doubt, first, that the defendant took and carried away, or removed, the property of Robert Majors, as charged in said indictment; second, that the said defendant so took said property with the intention of converting the same to his own use." The Court refused the instruction, on the ground that it tended to mislead the jury, and that the matters to which the instruction related had been fully explained in the charge of the Court. The Court had charged the jury that: "Every person who shall feloniously steal, take and carry away, lead or drive away the personal goods or property of another, of the value of fifty dollars or more, shall be deemed guilty of grand larceny. If from all the testimony you believe the prisoner took and carried, or rode away the horse and saddle, knowing them to be the property of another, and done so with a felonious intent, that is, with intent to steal, or fraudulently and feloniously deprive the owner thereof, the prisoner is guilty of larceny." The defendant assigns as error the refusal of the Court to give the instruction as requested, and contends that in order to a conviction it was necessary to show that the property was taken *lucri causa*, and that it is not enough to show that the intent was feloniously and fraudulently to deprive the owner thereof, as charged by the Court.

It is said by Wharton in his treatise on American Criminal Law (Vol. 2, Sec. 1,781): "If the taking be fraudulent, however, it is not necessary that it should be *lucri causa* and with intent wholly to deprive the owner of the property;" and he cites the case of *R.* v. *Cabbage*, Rus. and Ry. 292, which was an indictment for larceny in stealing a horse, which the prisoner, to screen an accomplice, took from the prosecutor's stable and backed into a coal pit and killed; and it being objected that this was not larceny, because the taking was not with an intention to convert the property to his own use, a majority of the Judges held that it was larceny. And the same author says, that the doctrine has received in England several subsequent emphatic recognitions, and he cites several cases to that point. Although the doctrine has been repudi-

---

ated in *The State* v. *Hawkins*, 8 Porter, 461, we think the cases in the English Courts place the matter on the true basis, and that proof of the felonious and fraudulent taking, with intent to deprive the owner of the property, is sufficient to charge the defendant, without proof that he intended to convert the property to his own use.

The second and third instructions asked for by the defendant were properly refused for the reason stated by the Court—that they were not required by or founded on any part of the testimony in the cause.

Judgment affirmed.