By the Court,
Beatty, J.:
The defendants in this action were convicted of burglary. They moved for a new trial on the ground that the verdict was contrary to the evidence; and they now appeal from the judgment and the order overruling their motion for a new trial.
The charge in the indictment is that the defendants broke into a tool-house of the Central Pacific Railroad with intent to commit larceny. The bill of exceptions contains all the testimony which in anywise tended to establish the guilt of the defendants, and it amounts simply to this: The three defendants and one other person (who gave evidence for the state) were traveling along the line of the railroad from California toward the eastern states. They broke into a tool-house of the railroad company one night, took therefrom a hand-car, placed it on the track, propelled themselves a distance of twelve miles, removed the hand-car from the rails to the side of the track, and there left it. This is the whole case. There was not a particle of proof, and there can be no presumption, that the defendants broke into the tool-house with any other intent or purpose than that of taking the hand-car and using it as they did use it. If such •taking and use was not larceny, there was no proof that the breaking into the tool-house -was with the intent to commit *405 larceny, and that essential element of the crime of which they were found guilty was not proved.
"We have no doubt that the taking and use of the handcar was not larceny. iThe attorney-general does not contend that it was, and the only case to which we have been referred as sustaining the ruling of the district court is that of The People v. Juarez (28 Cal. 380). But that case does not sustain the action of the district court. It merely follows the case of Rex v. Cabbage, which established the principle thatiwliere there is an intent to deprive the owner of Ills' property, it is not essential that the taking should be with a view to pecuniary profit (lucri causal). We acknowledge the correctness of this principle. A man may be guilty of larceny if he takes another man’s whisky, intending to drink it, though it is certain he will not be a gainer, pecuniarily or otherwise, by the transaction. But, although there may be larceny without any intent on the part of the thief to profit himself, we do not know of a case where it has been held that there can be larceny without any intent to deprive the owner of his property. And that is the case here. There is not the slightest ground for supposing that these defendants intended to deprive the railroad company of its property in' this hand-car. They committed a trespass, but they are not guilty of burglary.
The judgment and order of the district court are reversed and the cause-remanded.
Remittitur forthwith.