[No. 21169. In Bank.—December 11, 1894.]

## THE PEOPLE, RESPONDENT, *v.* JOHN BROWN, APPELLANT.

CRIMINAL LAW—BURGLARY—INTENT TO COMMIT GRAND LARCENY—PERMA-
NENT DEPRIVATIONS OF PROPERTY—ERRONEOUS INSTRUCTION.—Where
a defendant is accused of the crime of burglary, committed in entering
a house with intent to commit grand larceny, it is necessary that the
felonious intent must be permanently to deprive the owner of his prop-
erty, and an instruction that larceny might be committed, even though
it was only the intent of the party taking the property to deprive the
owner of it temporarily, is erroneous.

ID.—LARCENY—NATURE OF FELONIOUS INTENT.—While the felonious in-
tent of the party taking the property of another need not necessarily be
. an intention to convert the property to his own use, still it must in all
cases be an intent wholly and permanently to deprive the owner thereof.

ID.—TAKING BICYCLE TEMPORARILY—TRESPASS.—The taking of the bicycle
of another temporarily for revenge, with intention to return it, is not
larceny, but only a trespass.

. APPEAL from a judgment of the Superior Court of
Orange County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. W. Ballard,* for Appellant.

The court erred in its oral instructions to the jury.
The taking of property, in order to constitute larceny,
must be a felonious taking, and with the intent to de-
prive the owner of it permanently. (1 Bishop's Crim-
inal Law, secs. 566, 579; 2 Bishop's Criminal Law, secs.
758, 847; 1 Wharton's Criminal Law, 8th ed., sec. 883;
Desty's American Criminal Law, sec. 145; 12 Am. & Eng.
Ency. of Law, 761, 777, 778; *People* v. *Stone,* 16 Cal. 369;
*People* v. *Juarez,* 28 Cal. 380; *People* v. *Murphy,* 47 Cal.
103; *State* v. *Ryan,* 12 Nev. 401; 28 Am. Rep. 802; *State*
v. *Slingerland,* 19 Nev. 135; *State* v. *Ward,* 19 Nev. 297;
*Johnson* v. *State,* 36 Tex. 375; Lawson's Criminal Defi-
nitions, 419; *Keely* v. *State,* 14 Ind. 36; *Warden* v. *State,*
60 Miss. 638; *Delk* v. *State,* 64 Miss. 77; 60 Am. Rep. 46;
*People* v. *Phelps,* 49 How. Pr. 437; *Dignowitty* v. *State,*
17 Tex. 521; 67 Am. Dec. 670; *Landin* v. *State,* 10 Tex.

App. 63; *United States* v. *Durkee,* McAll. 196; note (larceny), 57 Am. Dec. 275; *State* v. *South,* 28 N. J. L. 28; 75 Am. Dec. 250; *State* v. *Ledford,* 67 N. C. 60; *Smith* v. *Shultz,* 1 Scam. 490; 32 Am. Dec. 33; *State* v. *Fenn,* 41 Conn. 510.)

*Attorney General W. H. H. Hart,* and *Deputy Attorney General William H. Layson,* for Respondent.

The felonious taking of property to deprive the owner temporarily of the possession, coupled with such negligent conduct that the owner might not recover it, constitutes larceny. The felonious taking constitutes the offense, and temporary possession is sufficient. (*People* v. *Rae,* 66 Cal. 425; 56 Am. Rep. 102; *People* v. *Juarez,* 28 Cal. 380.) The control of the taker for an instant is sufficient. (Clark's Criminal Law (1854), 260; *Harrison* v. *People,* 50 N. Y. 518; 10 Am. Rep. 517; *Gettinger* v. *State,* 13 Neb. 308; *State* v. *Higgins,* 88 Mo. 354; *Commonwealth* v. *Luckis,* 99 Mass. 432; 96 Am. Dec. 769; *State* v. *Davis,* 38 N. J. L. 176; 20 Am. Rep. 367; *State* v. *Ward,* 19 Nev. 297; *State* v. *Gazell,* 30 Mo. 92; *Rex* v. *Pitman,* 2 Car. & P. 423; *Rex* v. *Walsh,* 1 Moody C. C. 14.) Slightest removal will support the verdict. (Clark's Criminal Law, 260; *Harrison* v. *People,* 50 N. Y. 518; 10 Am. Rep. 517; *Eckels* v. *State,* 20 Ohio St. 508; *Georgia* v. *Kepford,* 45 Iowa, 48; *Commonwealth* v. *Luckis,* 99 Mass. 431; 96 Am. Dec. 769.) *Lucri causa* is not an element of the offense in this state. (*People* v. *Juarez,* 28 Cal. 380; Clark's Criminal Law, 267.) Conversion of the property taken is not required. (*People* v. *Juarez,* 28 Cal. 380.)

GAROUTTE, J.—The appellant was convicted of the crime of burglary, alleged by the information to have been committed in entering a certain house with intent to commit grand larceny. The entry is conceded, and also it is conceded that appellant took therefrom a certain bicycle, the property of the party named in the information, and of such a value as to constitute grand larceny.

The appellant is a boy of seventeen years of age, and for a few days immediately prior to the taking of the bicycle was staying at the place from which the machine was taken, working for his board. He took the stand as a witness, and testified:

"I took the wheel to get even with the boy, and of course I did n't intend to keep it. I just wanted to get even with him. The boy was throwing oranges at me in the evening, and he would not stop when I told him to, and it made me mad, and I left Yount's house Saturday morning. I thought I would go back and take the boy's wheel. He had a wheel, the one I had the fuss with. Instead of getting hold of his, I got Frank's, but I intended to take it back Sunday night; but before I got back they caught me. I took it down by the grove, and put it on the ground, and covered it with brush, and crawled in, and Frank came and hauled off the brush and said: 'What are you doing here'? Then I told him . . . . I covered myself up in the brush so that they could not find me until evening, until I could take it back. I did not want them to find me. I expected to remain there during the day, and not go back until evening."

Upon the foregoing state of facts the court gave the jury the following instruction: "I think it is not necessary to say very much to you in this case. I may say, generally, that I think counsel for the defense here stated to you in this argument very fairly the principles of law governing this case, *except in one particular*. In defining to you the crime of grand larceny he says it is essential that the taking of it must be felonious. That is true; the taking with the intent to deprive the owner of it; but he adds the conclusion that you must find that the taker intended to deprive him of it *permanently*. I do not think that is the law. I think in this case, for example, if the defendant took this bicycle, we will say for the purpose of riding twenty-five miles, for the purpose of enabling him to get away, and then left it for another to get it, and intended to do nothing else except

to help himself away for a certain distance, it would be larceny, just as much as though he intended to take it all the while. A man may take a horse, for instance, not with the intent to convert it wholly and permanently to his own use, but to ride it to a certain distance, for a certain purpose he may have, and then leave it. He converts it to that extent to his own use and purpose feloniously."

This instruction is erroneous, and demands a reversal of the judgment. If the boy's story be true he is not guilty of larceny in taking the machine; yet, under the instruction of the court, the words from his own mouth convicted him. The court told the jury that larceny may be committed, even though it was only the intent of the party taking the property to deprive the owner of it *temporarily.* We think the authorities form an unbroken line to the effect that the felonious intent must be to deprive the owner of the property *permanently.* The illustration contained in the instruction as to the man taking the horse is too broad in its terms as stating a correct principle of law. Under the circumstances depicted by the illustration the man might, and again he might not, be guilty of larceny. It would be a pure question of fact for the jury, and dependent for its true solution upon all the circumstances surrounding the transaction. But the test of law to be applied to these circumstances for the purpose of determining the ultimate fact as to the man's guilt or innocence is, Did he intend to permanently deprive the owner of his property? If he did not intend so to do, there is no felonious intent, and his acts constitute but a trespass. While the felonious intent of the party taking need not necessarily be an intention to convert the property to his own use, still it must in all cases be an intent to wholly and permanently deprive the owner thereof. As directly and fully sustaining this principle we cite: *State* v. *Davis,* 38 N. J. L. 176; 20 Am. Rep. 367; *State* v. *Homes,* 17 Mo. 379; 57 Am. Dec. 269, and note 275; *State* v. *South,* 28 N. J. L. 28; 75 Am. Dec. 250; *State* v. *Ryan,* 12 Nev.

401; 28 Am. Rep. 802; *State* v. *Slingerland,* 19 Nev. 135; Desty's American Criminal Law, sec. 155 J; *People* v. *Juarez,* 28 Cal. 380.

For the foregoing reasons it is ordered that the judgment and order be reversed and the cause remanded for a new trial.

McFARLAND, J., HARRISON, J., VAN FLEET, J., FITZGERALD, J., and DE HAVEN, J., concurred.