PEOPLE, PLAINTIFF AND APPELLEE, v. ARROYO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Larceny.

No. 1738.—Decided June 21, 1921.

LARCENY—INTENT—COMPLAINT.—A charge that the defendant "maliciously, wilfully, unlawfully and with criminal intent, carried off a small dark-colored bull belonging to Manuel Surillo and valued at $75, which he sold to Elías Coriano in the ward of Jácanas for the sum of $65 in a transaction for a

piece of land,'' sufficiently charges the defendant with the criminal intent of depriving the owner permanently of the thing stolen, which is a necessary element of larceny.

The facts are stated in the opinion.

*Messrs. L. Pereyó Quiñones* and *C. Iriarte, Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The complaint charges that the defendant ''maliciously, wilfully, unlawfully and with criminal intent took and carried away a small brown bull belonging to Manuel Surillo valued at $75, which he sold to Elías Coriano in the ward of Jácanas for the sum of $65 in a transaction for a piece of land.''

The defendant was first tried and convicted in the Municipal Court of Yabucoa. He appealed to the District Court of Humacao and was again tried and convicted, whereupon he appealed to this court.

1. The appellant contends that the complaint is not sufficient because it does not charge the defendant with the intention of depriving the owner of the thing stolen, citing the cases of *People* v. *Brown,* 105 Cal. 66, and *People* v. *Morino,* 85 Cal. 515.

In our opinion the complaint is sufficient. Larceny, according to section 426 of the Penal Code, is the act of feloniously taking or carrying away the personal property of another.

The complaint expressly alleges criminal intent and that is sufficient; but it also alleges that the bull belonging to Manuel Surillo, which the defendant took away with criminal intent, was sold by him to Elías Coriano, from which fact is deduced the permanent character of his criminal intent in taking away the said property.

In the *Brown Case* cited the Supreme Court of California said:

''Upon the foregoing state of facts the court gave the jury the

following instruction: 'I think it is not necessary to say very much to you in this case. I may say, generally, that I think counsel for the defense here stated to you in this argument very fairly the principles of law governing this case, *except in one particular*. In defining to you the crime of grand larceny he says it is essential that the taking of it must be felonious. That is true; the taking with the intent to deprive the owner of it; but he adds the conclusion that you must find that the taker intended to deprive him of it *permanently*. I do not think that is the law. I think in this case, for example, if the defendant took this bycicle, we will say for the purpose of riding twenty-five miles, for the purpose of enabling him to get away, and then left it for another to get it, and intended to do nothing else except to help himself away for a certain distance, it would be larceny, just as much as though he intended to take it all the while. A man may take a horse, for instance, not with the intent to convert it wholly and permanently to his own use, but to ride it to a certain distance, for a certain purpose he may have, and then leave it. He converts it to that extent to his own use and purpose feloniously.'

"This instruction is erroneous, and demands a reversal of the judgment. If the boy's story be true he is not guilty of larceny in taking the machine; yet, under the instruction of the court, the words from his own mouth convicted him. The court told the jury that larceny may be committed, even though it was only the intent of the party taking the property to deprive the owner of it *temporarily*. We think the authorities form an unbroken line to the effect that the felonious intent must be to deprive the owner of the property *permanently*. The illustration contained in the instruction as to the man taking the horse is too broad in its terms as stating a correct principle of law. Under the circumstances depicted by the illustration the man might, and again he might not, be guilty of larceny. It would be a pure question of fact for the jury, and dependent for its true solution upon all the circumstances surrounding the transaction. But the test of law to be applied to these circumstances for the purpose of determining the ultimate fact as to the man's guilt or innocence is, Did he intend to permanently deprive the owner of his property? If he did not intend so to do, there is no felonious intent, and his acts constitute but a trespass. While the felonious intent of the party taking need not necessarily be an intention to convert the property to his own use, still it must in all cases be an intent to wholly and permanently deprive the owner

thereof. As directly and fully sustaining this principle we cite: *State* v. *Davis,* 38 N. J. L. 176; 20 Am. Rep. 367; *State* v. *Homes,* 17 Mo. 379; 57 Am. Dec. 269, and note 275; *State* v. *South,* 28 N. J. L. 28; 75 Am. Dec. 250; *State* v. *Ryan,* 12 Nev. 401; 28 Am. Rep. 802; *State* v. *Slingerland,* 19 Nev. 135; Desty's American Criminal Law, section 155 J; *People* v. *Juárez,* 28 Cal. 380." *People* v. *Brown,* 105 Cal. 66.

Ruling Case Law states the rule as follows:

"The rule, as generally stated, is that there must be an intent wholly and permanently to deprive the owner of his property, and that it is not larceny to take a thing for a temporary purpose with a bona fide intention of returning it, or of paying for it." 17 R. C. L. 27.

Applying that doctrine to this particular case, it can not be concluded that the complaint is insufficient. We have already said that it not only alleged the criminal intent of the defendant in taking away the property of another person, which would have been sufficient, but also the permanent character of that intent.

It is well to say that Act No. 5 of 1912 added section 444 *a* to section 444 of the Penal Code, making it a special offense to take for temporary use a vehicle, boat or animal belonging to another person. It reads as follows:

"Any person who shall, without the permission of the owner, or the person legally or duly representing him, wilfully take any automobile, bicycle, motorcycle, carriage, buggy, wagon, cart, or other vehicle, or any rowboat, sailboat, motor-boat, or other vessel, or any stallion, mare, gelding, colt, cow, steer, bull, calf, mule, jack, jenny, or other animal, for the purpose of temporarily using the same, shall be guilty of a misdemeanor."

Leaving aside the syllabus and examining the opinion itself, our decision in the case of *People* v. *Martínez,* 5 P. R. R. 22 (2nd. ed.), is found not to be contrary to the rule here stated.

2. The appellant also alleges that the court erred because

the evidence for the prosecution is not sufficient to support the judgment. It seems to be in connection with this assignment that the *Morino Case, supra,* is cited. We quote from that case:

"The defendant requested the court to instruct the jury: 'If the jury believe that the defendant had no felonious intent to steal the property at the time he took it, they must acquit, *even if they should believe that he subsequently conceived the intent to appropriate it.*' The court gave the first clause of the instruction, but refused to give that part of it in Italics. The instruction was correct as an abstract proposition of law. (*People* v. *Jersey,* 18 Cal. 337; *People* v. *Salorse,* 62 Cal. 139; *State* v. *Homes,* 17 Mo. 379; 57 Am. Dec. 269, note 273, *Starck* v. *State,* 63 Inds. 285; 30 Am. Rep. 214.) And the evidence was such as to render such an instruction applicable to this case, and it should have been given. Whether the felonious intent existed at the time the property was taken was a question which should have been left to the jury, under the instruction asked. The judgment and order appealed from are reversed, and the court below is instructed to dismiss the information unless good reason for the failure to bring the defendant to trial is shown." *People* v. *Morino,* 85 Cal. 517.

The rule laid down has some exceptions. See the note to *State* v. *Homes,* 57 American Decisions, 275.

On that point Ruling Case Law condenses the jurisprudence as follows:

"Although there seem to be a few decisions to the effect that the original taking was a trespass and was subsequently followed by a wrongful conversion of the thing taken, the intent to steal need not, in order to make it larceny, have existed at the time of the taking, such decisions being based on the theory that a tortious taking does not divest the possession of the owner, but that a subsequent conversion by the taker has such effect, and will therefore constitute larceny when accompanied by a felonious intent, the general rule is that the intent must exist at the time of the taking, it being said that if the taking or obtaining possession of the property was lawful, the crime is not committed by a subsequent conversion, however fraudulent it may be. But a refusal to charge in accordance with this

rule has been held not to be prejudicial error, where the evidence permits but one inference, viz., that the defendant intended to appropriate the subject of the alleged larceny at the time he received it. It is immaterial at what precise moment of time, during the transaction, the felonious intention was first formed of taking and holding the money against the consent of the owner; whenever it was formed and executed, animo furandi, by carrying it off, that moment the offender became a trespasser, and was guilty of larceny." 17 R. C. L. 25.

According to the evidence the defendant and the owner of the bull were the owners of adjoining properties and it is admitted that their cattle passed from one property to the other and *vice versa*. But this does not mean that the criminal intent has not been proved from the beginning. Although Surillo's bull was on the defendant's property when the defendant appropriated it, if the evidence showed that such appropriation was with the felonious intent to deprive the owner of the bull of his property by selling it as his own, the crime would exist.

The evidence was very contradictory. The defendant admitted that he sold the bull which was found in the possession of Coriano, but claimed that he did so because the animal was his and had been born on his own property. The evidence for the prosecution tended to show that the bull was the same one that was missing from Surillo's property and belonged to him. The court adjusted the conflict against the defendant and as it has not been shown that it was influenced by passion, prejudice or partiality, or committed manifest error, its finding must prevail.

The judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.