Filed 2/26/21  P. v. Lorenzen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090192 |
| Plaintiff and Appellant, | (Super. Ct. No. STKCRFECOD20180013084) |
| v. | |
| TASHA LORENZEN, | |
| Defendant and Respondent. | |

Defendant Tasha Lorenzen pled guilty to multiple counts of burglary and theft.  At a bench trial, the trial court ruled that defendant's prior convictions in Nebraska did not count as strikes under Penal Code[1] section 667 and sentenced her to an aggregate seven years and eight months in prison.  The People now appeal, arguing that two of her prior convictions for burglary in Nebraska qualify as strikes under the three strikes law.  We reject the People's argument and affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts to defendant's California crimes are not relevant to this appeal. It suffices to say that defendant and her friend stole numerous items from her friend's roommate's apartment, as well as his vehicle. Defendant pled guilty to two counts of residential burglary (§ 459), residential robbery (§ 211), unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)), and two counts of receiving stolen property (§ 496, subd. (a)). She also admitted the victim of the residential burglary and residential robbery was an elder, (§ 667.9, subd. (a)), and that a person other than an accomplice was present during the burglary (§ 667.5).

As part of the plea, the district attorney also alleged that defendant had incurred three prior strike convictions, based on her prior convictions for burglary in Nebraska. In fact, defendant previously pled no contest to two counts of burglary at two separate locations (Neb. Rev. Stat., § 28-507) in case no. CR15-1449.[2]

At the Nebraska plea hearing, the trial court recited the elements of her charges, referring to the buildings as "any real estate or any improvements," consistent with the statutory language. (Neb. Rev. Stat., § 28-507.) Defendant agreed that she understood her charges. When the trial court asked her how she wished to plead to each count, she responded "no contest." The trial court then asked whether defendant understood that "by entering a plea of no contest while you are not admitting your guilt[,] you are saying you will not contest the charges against you but you are agreeing the Court can find you guilty of these charges if the facts outlined by the county attorney's office would be legally sufficient to support such findings of guilt." Defendant answered in the affirmative. The prosecutor then stated the factual basis for defendant's pleas in detail,

---

[2]     On appeal, the People note that of the three charges alleged to be prior strikes, one was dismissed as part of defendant's Nebraska plea agreement. The People thus only challenge the trial court's dismissal of two strike allegations.

including the fact that each of the burglaries occurred at a "residence." The court confirmed that defendant still wished to plead no contest and accepted the pleas.

At the California bench trial on her alleged strikes, defendant argued her Nebraska burglary convictions did not qualify as strikes because only residential burglary is a strike offense in California (§ 1192.7, subd. (c)(18)), yet the Nebraska burglary statute under which she was convicted is broader and does not require burglary of a residence for a conviction. The trial court, citing *People v. Gallardo* (2017) 4 Cal.5th 120, agreed with defendant. Noting that defendant pled no contest and did not affirmatively stipulate to the factual basis for her pleas, it concluded the People failed to prove beyond a reasonable doubt that the burglaries were residential and thus qualified as strikes. The People appeal.

## DISCUSSION

The People argue that defendant's Nebraska convictions qualify as strike offenses under *Gallardo* because her no contest plea has the same effect as a guilty plea, and because defendant's failure to object to the factual basis for her pleas constituted an adoptive admission of those facts. Defendant argues the trial court correctly found it could not rely on the prosecutor's stated factual basis to make its own finding about defendant's underlying conduct when assessing the strike allegation. Defendant has the better argument.

"A prior conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison constitutes a prior conviction of a particular serious or violent felony if the prior conviction in the other jurisdiction is for an offense that includes all of the elements of the particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7." (§ 1170.12, subd. (b)(2).) Residential burglary is a serious felony under California law. (§ 1192.7, subd. (c)(18).) If a defendant's prior

3

residential burglary conviction in another state qualifies as a strike, he or she is subject to a doubled term for his or her current offense. (§ 1170.12, subd. (c)(1).)

"To qualify as a serious felony, a conviction from another jurisdiction must involve conduct that would qualify as a serious felony in California." (*People v. Avery* (2002) 27 Cal.4th 49, 53.) " '[I]n determining the truth of an alleged prior conviction when . . . the necessary elements of that conviction do not establish that it is a serious felony, and thus subject to California's Three Strikes law, the trier of fact must decide whether the defendant's conduct, as demonstrated in the record of the prior conviction, shows that the crime was a serious felony.' " (*People v. Gallardo*, *supra*, 4 Cal.5th at p. 135.) In that regard, "[t]he trial court's role is limited to determining the facts that were necessarily found in the course of entering the conviction. To do more is to engage in 'judicial factfinding that goes far beyond the recognition of a prior conviction.' " (*Id.* at p. 134.) The court may rely on facts that "the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id.* at p. 136.) The sentencing court cannot make a " 'disputed determination about "what the defendant and state judge must have understood as the factual basis of the prior plea . . . ." ' " (*Id.* at pp. 133-134)

As the People appropriately concede, Nebraska's burglary statute is broader than California's residential burglary statute, in that the Nebraska statute does not require the building to be a residence. (Compare § 459 with Neb. Rev. Stat., § 28-507.) The trial court thus had to decide whether defendant's conduct, as demonstrated in the record of the prior convictions, showed the Nebraska burglary convictions involved burglaries of residences, such that they would qualify as serious felonies in California. (*People v. Gallardo*, *supra*, 4 Cal.5th at p. 135.)

Here, defendant pled no contest to the Nebraska burglaries. Contrary to the People's argument, a no contest plea is not the equivalent of a guilty plea. Rather, a plea of no contest in Nebraska constitutes an admission of all the elements of the offenses, but

nothing further. (*State v. Jenkins* (2019) 303 Neb. 676, 691 [931 N.W.2d 851, 868].) Defendant was not required to agree with the factual basis to enter her no contest pleas and did not expressly do so. (*Id.* at p. 691 [931 N.W.2d at p. 868].)

Nonetheless, the People contend that defendant's failure to object to the factual basis recited at the plea hearing constituted an adoptive admission of those facts, which could then be considered by the trial court under *Gallardo*. We disagree. It is true that although *Gallardo* prohibits the trial court from making a disputed determination about what the defendant and judge must have understood as the factual basis for the plea, *Gallardo* does permit the trial court to consider facts admitted by defendant to determine whether a prior conviction was a strike. (*People v. Gallardo*, *supra*, 4 Cal.5th at pp. 133-134.) However, for a statement to be an adoptive admission, there must be sufficient evidence that: "(1) the defendant heard and understood the statement under circumstances normally calling for a response, and (2) the defendant adopted the statement as true by the defendant's words or conduct." (*People v. Sample* (2011) 200 Cal.App.4th 1253, 1262; accord, *People v. Jennings* (2010) 50 Cal.4th 616, 661; see Evid. Code, § 1221.) Here, the prosecution's recitation of the factual basis did not constitute circumstances normally calling for a response.

As the trial court explained at the plea hearing, defendant's no contest plea was not an admission of the truth of the allegations, nor an admission of facts that were not elements of the offenses. And because the residential nature of the buildings had no legal effect on her convictions under the Nebraska burglary statute, defendant would have no reason to address whether the buildings were, in fact, residences, upon hearing the prosecution's recitation of the facts. Further, defendant pled no contest prior to hearing the prosecution's statement of facts. Under these circumstances, defendant would have no reason to object to or challenge the residence-related facts at the plea hearing. (Compare *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1122-1123 [no adoptive

admission of the factual basis for strike purposes where the defendant entered his *Alford*[3] plea, which did not admit the factual basis for the offense, prior to prosecution's statement of facts], with *People v. Sohal* (1997) 53 Cal.App.4th 911 [adoptive admission of assault with a deadly weapon where the prosecution stated the factual basis, defense counsel agreed to the facts, the trial court then asked for the defendant's plea "on the charge assault with a deadly weapon," and defendant answered "[n]o contest, I am guilty"].) Accordingly, the trial court correctly declined to consider the prosecutor's factual recitation as support for the strike allegations.

DISPOSITION

The judgment is affirmed.


/s/ _____
Robie, J.


We concur:


/s/ _____
Raye, P. J.


/s/ _____
Murray, J.

_____

[3] *N.C. v. Alford* (1969) 400 U.S. 25 [27 L.Ed.2d 162].

6