Filed 4/24/23 In re S.G. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re S.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. S.G., Minor and Appellant. | E080119 (Super.Ct.No. J293980) OPINION |

APPEAL from the Superior Court of San Bernardino County. Tony Raphael, Judge. Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Minor and Appellant.

1

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, and Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

Minor and appellant, 15-year-old S.G., was caught in the driver's seat of a car that did not belong to him. The San Bernardino County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602 against S.G., alleging he received a stolen car. The juvenile court found the allegation true. S.G. argues there was insufficient evidence to support the juvenile court's true finding because there was insufficient evidence the car was stolen. We affirm.

BACKGROUND

Janelle A. lives in an apartment complex with her now 15-year-old son B.G. She did not know S.G. and did not know whether B.G. and S.G. knew each other.

On July 29, 2022, B.G. was not home. At around 9:00 p.m., Janelle A. saw her car, a Lexus, parked in her spot. When she looked again around 11:00 p.m. the car was not there. She had two keys for the missing car, both of which were still in the apartment. She did not give a key to her son, or otherwise allow anyone to take the car.

Police located the car around 6:00 the next morning. The car was parked with S.G. in the driver's seat and another minor, V.L., in the passenger's seat. The arresting officer approached the car with his gun drawn and ordered S.G. to get out of the car. S.G. initially stared at the officer rather than immediately complying, but he eventually exited the car. S.G. had a Lexus key fob in his pocket, but at trial the police did not or

2

could not confirm whether it was the key fob for the car the minors were in. The police found no physical evidence the car was stolen; there was no shaved key, broken window, or damage to any ignition port.

At trial, minor V.L. testified that he saw B.G. hand a car key to S.G. on July 28, the day before Janelle A. reported the car stolen. S.G. testified that B.G. agreed to let him borrow the car for a night and gave him the car key. He said he took the car July 29 around 10:00 p.m. and called B.G. before he did. He said he intended to return the car.

In August 2022, the San Bernardino County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602 alleging S.G. received a stolen motor vehicle in violation of Penal Code section 496d, subdivision (a). After a bench trial, the court found the allegation true.

ANALYSIS

S.G. argues that there was insufficient evidence to support the juvenile court's finding that he received a stolen car because there was insufficient evidence the car was stolen. We affirm.

"[O]n this appeal challenging the sufficiency of the evidence to support a juvenile court judgment sustaining the criminal allegations of a petition made under the provisions of section 602 of the Welfare and Institutions Code, we must apply the same standard of review applicable to any claim by a criminal defendant challenging the sufficiency of the evidence to support a judgment of conviction on appeal." (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371.) Under this standard of review we " 'must review the whole

3

record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*Ibid.*) "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the true finding].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755.) "We resolve all evidentiary conflicts . . . 'in favor of the verdict, drawing every reasonable inference the [trier of fact] could draw from the evidence.' " (*People v. Brady* (2018) 22 Cal.App.5th 1008, 1014, quoting *People v. Cardenas* (2015) 239 Cal.App.4th 220, 226-227.) "The trial court, not the reviewing court, 'is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences . . . .' " (*People v. Duncan* (2008) 160 Cal.App.4th 1014, 1018, quoting *People v. Woods* (1999) 21 Cal.4th 668, 673.)

To sustain a conviction for receiving stolen property, the prosecution "must prove (1) the property was stolen; (2) the defendant knew it was stolen; and (3) the defendant had possession of it." (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 728.)

S.G. argues there was insufficient evidence of the first element, that the vehicle was stolen. This is because, "[u]nder California law, theft requires an intent to *permanently* deprive another of property." (*People v. Avery* (2002) 27 Cal.4th 49, 52.) S.G. argues there is no evidence that anyone involved intended to permanently deprive

4

Janelle A. of the car. Indeed, S.G. contends B.G. gave him the key and permission to take the car, and that both he and B.G. understood he would return the car.

However, the juvenile court made clear that it did not believe S.G.'s version of events. The only evidence that B.G. gave S.G. the key and permission to take the car came from S.G. and V.L.'s testimony. In contrast, Janelle A. testified that nobody gave S.G. permission to take the car and that both keys to the car were in the apartment on July 29, contradicting the story that B.G. gave S.G. a key the day before. The court made clear which of these versions of events it believed, stating that "having watched the testimony of all of the witnesses in this case, their demeanor on the stand, the Court credits the testimony of Ms. [A.] . . . and just watching the demeanor during the testimony of [S.G.] and of [V.L.], the Court does not credit their testimony." By crediting Janelle A.'s testimony, the court implicitly concluded that B.G. did not give S.G. a key. We cannot and do not reassess this credibility determination or theory of the case.

Given this, the court could rightfully conclude the evidence was sufficient to find all three elements of the crime that S.G. received stolen property. Janelle A. testified that she did not permit anybody to use her car and that she did not know S.G. The trial court rejected as not credible S.G.'s explanation for gaining possession of the car, and an unsatisfactory explanation can be enough to establish that a person knew property was stolen. (*People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1019-1020 [holding the knowledge element can be "inferred from the defendant's failure to explain how he came

5

to possess a stolen item or his offer of an unsatisfactory explanation or from suspicious circumstances attendant upon his possession of the item"].) Finally, S.G. was in the driver's seat when the car was found. These circumstances meet the three elements for receipt of a stolen vehicle: that the vehicle was stolen, that S.G. knew it was stolen, and that he possessed it.

S.G. argues *People v. MacArthur* (2006) 142 Cal.App.4th 275 (*MacArthur*) compels a different result. In *MacArthur* the defendant's girlfriend took her mother's jewelry and left it for the defendant, who sold it at a pawn shop. (*Id.* at p. 277.) He was convicted of receiving stolen property. (*Id.* at pp. 278-279.) On appeal, he argued there was insufficient evidence he knew the property was stolen, because his girlfriend had a history of pawning her mother's jewelry only to recover it shortly afterward. (*Id.* at pp. 277-279, 280.)

The court "saw a more basic concern," in that the trial court "failed to provide any guidance to the jury for determining whether property had, in fact, been stolen." (*MacArthur*, *supra*, 142 Cal.App.4th at p. 279.) The court concluded that the girlfriend's pattern of taking jewelry, pawning it, then getting it back "called into question whether any relevant participant had the requisite intent" to *permanently* deprive the mother of the jewelry since "pawning property does not transfer ownership or necessarily deprive the owner of possession permanently," and the property was usually returned. (*Id.* at pp. 280-281.) Accordingly, the reviewing court reversed, concluding the trial court

6

"should have instructed the jury sua sponte with a definition of 'stolen' and 'theft.' " (*Id.* at p. 280.)

*MacArthur* is not relevant here because the court expressly rejected the theory that S.G. received the key or permission to take the car from B.G. *MacArthur* might be relevant if B.G. *did* give S.G. the key and permission to take the car. But the court, sitting as factfinder, did not believe that is what happened.

As well, *MacArthur*'s circumstances are distinguishable from the circumstances here. In that case, the accomplice admitted taking the property and testified that it was the girlfriend's practice to take the victim's property and then help recover it later. This meant that not only was it possible to assess the accomplice's intent, but reason to believe she might have intended to return the property. Here, we do not know who took the car. The only evidence that S.G. might have received the property from someone who did not intend to steal it was the testimony the court expressly found not credible. Without evidence that a person did not intend to take the car permanently, and the presence of evidence that the car was taken without permission or any reason to believe it would be returned, the court permissibly inferred the property was stolen.

We agree with S.G. that the evidence here is slim and contradictory as to some matters. Discrediting S.G. and V.L.'s testimony, and crediting all other testimony, leaves unanswered questions. For instance, Janelle A. testified she had both keys to the car the night of the alleged theft, but police found S.G. with a key fob to a Lexus. The police never confirmed that was the key to the stolen car, but also did not find evidence S.G.

7

obtained access and control over the car through other means. Crediting Janelle A.'s and the police officers' testimony provided no satisfactory explanation for how S.G. came to possess the car or where he got the key they found him with.

But the People need not prove exactly how S.G. received stolen property, only that he did. Here, they met that burden.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____

J.

We concur:

MILLER_____

Acting P. J.

SLOUGH_____

J.