Filed 2/7/14 (unmodified opinion attached)

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re JOE MARTINEZ | D063719 |
| on | (Super. Ct. No. FSB801884) |
| Habeas Corpus. | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion filed January 30, 2014 is modified as follows:

Page 4, first paragraph under the heading Appealability, is modified as follows:

As a threshold matter, we must address the People's argument that the superior court's order is not appealable under *People v. Leggett* (2013) 219 Cal.App.4th 846 (*Leggett*) because Martinez is ineligible to petition for recall of his sentence. ~~The People cite~~ ~~*People v. Leggett* (2013) 219 Cal.App.4th 846 (*Leggett*) for the proposition: "[A]n order~~ ~~denying relief under section 1170.126 is not appealable if it denies a petition that was~~ ~~erroneously filed by an individual whose indeterminate three strikes sentence is based on~~ ~~a conviction for any serious or violent felony." (*Leggett, supra,* at p. 854.) However,~~ After the People filed their brief, the California Supreme Court granted the petition for review of *Leggett* on December 18, 2013 (S214264). As such, we may no longer rely on

*Leggett*.  Thus, *Leggett* joins two other cases currently pending before our high court dealing with the appealability of a superior court's order on a postjudgment petition under section 1170.126.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [review granted with hold pending consideration of *Teal*].)

The paragraph will now read as follows:

As a threshold matter, we must address the People's argument that the superior court's order is not appealable under *People v. Leggett* (2013) 219 Cal.App.4th 846 (*Leggett*) because Martinez is ineligible to petition for recall of his sentence.  After the People filed their brief, the California Supreme Court granted the petition for review of *Leggett* on December 18, 2013 (S214264).  As such, we may no longer rely on *Leggett*. Thus, *Leggett* joins two other cases currently pending before our high court dealing with the appealability of a superior court's order on a postjudgment petition under section 1170.126.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [review granted with hold pending consideration of *Teal*].)

NO CHANGE IN JUDGMENT.

'

_____
/s/ Huffman
HUFFMAN, Acting P. J.

Copies to:  All parties

2

Filed 1/30/14 (unmodified version)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| In re JOE MARTINEZ | D063719 |
|---|---|
| on | (Super. Ct. No. FSB801884) |
| Habeas Corpus. | |

Original proceeding on a petition for writ of habeas corpus.  Relief denied.

William D. Farber, under appointment by the Court of Appeal, for Petitioner Joe Martinez.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kristine A. Gutierrez and Warren Williams, Deputy Attorneys General, for Respondent The People.

In 2008, a jury convicted Joe Martinez for, among other things, inflicting corporal injury on his wife (Pen. Code,[1] § 273.5, subd. (a)) and spousal rape (§ 262, subd. (a)(1)). The jury also found that Martinez had two prior strike convictions.  The trial court sentenced Martinez to prison as a third strike offender to 25 years to life for the section

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

273.5, subdivision (a) offense and an additional consecutive term of 25 years to life for the section 262, subdivision (a)(1) offense.

On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act), which amended sections 667 and 1170.12 and added section 1170.126.  (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).)  Martinez then filed a petition to recall his sentence and for resentencing under section 1170.126, focusing on his convictions under sections 273.5 (count 1) and 262, subdivision (a)(1) (count 5).

The superior court denied the petition, finding that Martinez did not satisfy the criteria of section 1170.126, subdivision (e).  The court noted that Martinez's current commitment offenses are "serious and violent felonies making [Martinez] ineligible for re-sentencing under" section 1170.126.

Martinez appeals the order denying his petition, contending that he was not statutorily ineligible for resentencing pursuant to section 1170.126 as to his conviction under section 273.5, subdivision (a).  The People disagree, arguing:  (1) the court's denial of the petition was not appealable, and (2) count 5 is a serious and violent felony that rendered Martinez ineligible to be resentenced.

As we explain in more detail below, we reach the merits of this matter by treating Martinez's appeal as a petition for writ for habeas corpus.  We conclude that the superior court did not err in denying Martinez's petition for resentencing because Martinez's sentence was imposed, in part, for spousal rape (§ 262, subd. (a)), which is a serious felony under section 1192.7, subdivision (c) and a violent felony under section 667.5,

2

subdivision (c). Accordingly, we agree with the superior court that Martinez was ineligible for resentencing under section 1170.126.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Martinez was convicted of inflicting corporal injury on his wife (§ 273.5, subd. (a), count 1); attempted forcible sodomy (§§ 664 & 286, subd. (c)(2), count 3); attempted forcible sexual penetration (§§ 664 & 289, subd. (a)(1), count 4); and spousal rape (§ 262, subd. (a)(1), count 5). The jury found that Martinez had two prior strike convictions for robbery in violation of section 211, both serious and violent felonies. (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).)

Martinez filed a *Romero*[2] motion to strike his two previous strikes as to counts 1, 3, 4, and 5. The court granted the motion as to counts 3 and 4, but denied it as to counts 1 and 5. The court then sentenced Martinez as a third strike offender to an indeterminate term of 50 years to life in prison, consisting of an indeterminate term of 25 years to life for count 1 and a consecutive indeterminate 25-years-to-life sentence for count 5.[3]

After the Act went into effect, Martinez filed a petition to recall his sentence and for resentencing under section 1170.126. The superior court summarily denied the petition, finding Martinez was disqualified from seeking relief under the statute because his "current commitment offenses include PC289(a)(1) and PC262 and PC664/286(c)(2)

---

2      *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

3      The court also sentenced Martinez to prison for four years under count 3 and four years under count 4, both to run concurrently to his sentence for count 1.

3

are serious and violent felonies making [Martinez] ineligible for re-sentencing under PC1170.126."  Martinez timely appealed.

DISCUSSION

I

*APPEALABILITY*

As a threshold matter, we must address the People's argument that the superior court's order is not appealable because Martinez is ineligible to petition for recall of his sentence.  The People cite *People v. Leggett* (2013) 219 Cal.App.4th 846 (*Leggett*) for the proposition:  "[A]n order denying relief under section 1170.126 is not appealable if it denies a petition that was erroneously filed by an individual whose indeterminate three strikes sentence is based on a conviction for any serious or violent felony."  (*Leggett, supra,* at p. 854.)  However, after the People filed their brief, the California Supreme Court granted the petition for review of *Leggett* on December 18, 2013 (S214264).  As such, we may no longer rely on *Leggett*.  Thus, *Leggett* joins two other cases currently pending before our high court dealing with the appealability of a superior court's order on a postjudgment petition under section 1170.126.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [review granted with hold pending consideration of *Teal*].)

Instead of adding another voice to this appealability debate prior to any decision by the California Supreme Court, we exercise our discretion to treat Martinez's appeal as a petition for writ of habeas corpus.  (See *People v. Segura* (2008) 44 Cal.4th 921, 928,

4

fn. 4.) Martinez is in custody and contends he is unlawfully restrained under count 1 and will be irreparably harmed if we do not reach the merits of his appeal. Thus, he is a proper party to petition for habeas relief. (See *People v. Romero* (1994) 8 Cal.4th 728, 736-737; § 1473, subd. (a).) We therefore consider the instant matter a petition for a writ of habeas corpus in the interest of judicial economy and because the issue presented here is novel and a matter of general concern. (See *Segura*, *supra*, at p. 928, fn. 4.)

II

*THE ACT*

The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25-years-to-life imprisonment. Under the original version of the three strikes law, a recidivist, with two or more prior strikes, who is convicted of any new felony is subject to an indeterminate life sentence. (*Yearwood*, *supra*, 213 Cal.App.4th at pp. 167-168.) However, the Act altered the previous three strikes law and limits three strike sentences to current convictions of serious or violent felonies and a limited number of other felonies[4] unless the offender has a prior strike conviction that falls within one of several enumerated categories.[5] If these exceptions do not apply to a defendant, then the

---

[4]     For example, a felony offense that results in mandatory registration as a sex offender would make a defendant ineligible to petition for a resentence under the Act. (See §§ 1170.126, subd. (c); 667, subd. (e)(2)(C)(ii); 1170.12, subd. (c)(2)(C)(ii).)

[5]     For example, offenses punishable by life in prison would make a defendant ineligible for resentencing under the Act. (See §§ 1170.126, subd. (c); 667, subd. (e)(2)(C)(iv)(VIII); 1170.12, subd. (c)(2)(C)(iv)(VIII).)

court is to sentence the defendant as a second strike offender.  (See *Yearwood*, *supra*, 213 Cal.App.4th at p. 168; §§ 667, 1170.12.)

Section 1170.126 also establishes a procedure for qualified inmates serving indeterminate life sentences under the three strikes law to seek resentencing under the terms of the amended law.  To this end, a defendant files a petition that "specif[ies] all of the currently charged felonies, which resulted in the sentence under" section 667, subdivision (e)(2) or section 1170.12, subdivision (c)(2), "or both, and . . . specif[ies] all of the prior convictions alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12."  (§ 1170.126, subd. (d).)  The superior court then considers the petition and must make a threshold determination whether the defendant is eligible for resentencing under section 1170.126, subdivision (e).

Section 1170.126, subdivision (e) states that an inmate is eligible for resentencing if:

> "(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
>
> "(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
>
> "(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

6

If the court finds the defendant is eligible under section 1170.126, subdivision (e), then it shall resentence the defendant unless it determines that resentencing the defendant would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

Here, the parties disagree regarding Martinez's eligibility for resentencing under section 1170.126, subdivision (e). Martinez contends that, in determining his eligibility, the court should have only considered count 1, inflicting corporal injury on his wife (§ 273.5, subd. (a)). Martinez argues this offense is neither a serious felony under section 1192.7, subdivision (c) nor a violent felony under section 667.5, subdivision (c); therefore, he satisfies the criteria of section 1170.126, subdivision (e)(1) and (2). Martinez further asserts his two prior strikes were not disqualifying strikes under section 1170.126, subdivision (e)(3). Accordingly, Martinez insists he is eligible for resentencing.

The People concede that count 1 is not a serious or violent felony, but argue that the superior court was required to consider all offenses that led to an indeterminate life sentence. The People note that count 5, spousal rape, is a violent and serious felony. As such, the People maintain Martinez was ineligible under every prong of subdivision (e). As such, we must determine whether a court, in considering a petition for resentencing under section 1170.126, must consider all the offenses on which the petitioner was sentenced or consider each offense and related term of imprisonment separately.

Martinez contends that the court must take the latter approach, but does not focus on the text of section 1170.126. Instead, he emphasizes the arguments in the Act's ballot

7

pamphlet to support his position that the superior court should only evaluate his eligibility for resentencing based on count 1.  We agree with Martinez that ballot pamphlet arguments are the "proper extrinsic aid in construing voter initiatives adopted by popular vote."  (*People v. Floyd* (2003) 31 Cal.4th 179, 187-188.)  To that end, our colleagues in the Fifth District have comprehensively summarized the various arguments in favor of the Act:

> "The Act's proponents advanced six arguments in favor of the Act in the Voter Information Guide.  The argument headings were titled: (1) 'make the punishment fit the crime'; (2) 'save California over $100 million every year'; (3) 'make room in prison for dangerous felons'; (4) 'law enforcement support'; (5) 'taxpayer support'; and (6) 'tough and smart on crime.'  (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) argument in favor of Prop. 36, p. 52, capitalization omitted.)  The ballot arguments supporting Proposition 36 were primarily focused on increasing public safety and saving money.  The public safety argument reasoned, 'Today, dangerous criminals are being released early from prison because jails are overcrowded with nonviolent offenders who pose no risk to the public.  Prop. 36 prevents dangerous criminals from being released early.  People convicted of shoplifting a pair of socks, stealing bread or baby formula don't deserve life sentences.'  (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument against Prop. 36, p. 53.)  Also, 'Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets' and 'Prop. 36 will keep dangerous criminals off the streets.'  (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 36, p. 52.)  The Act's proponents stated that 'Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will receive no benefits whatsoever from the reform.'  (*Ibid*.)  The fiscal argument reasoned that the Act could save taxpayers '$100 million every year' that would otherwise be spent 'to house and pay health care costs for non-violent Three Strikes inmates if the law is not changed.'  (*Ibid*.)"  (*Yearwood*, *supra*, 213 Cal.App.4th at p. 171.)

Martinez focuses on the following arguments in favor of the Act: (1) making the punishment fit the crime; (2) reducing the costs of prisoner incarceration; and (3) public safety. He reasons that his 25-year-to-life sentence imposed on count 5 will ensure public safety, but the additional indeterminate life sentence on count 1 is not proportionate to his act of spousal abuse and will add "immeasurably to the costs of his incarceration." Thus, Martinez insists the court's failure to consider his petition as to count 1 only is not consistent with the public's intent in voting for the Act. We disagree.

Martinez's argument does not sufficiently consider the public safety rationale behind the Act. The arguments in the Voter Information Guide were clear that the Act would help to "keep dangerous criminals off the streets" and was "carefully crafted" "so that truly dangerous criminals will receive no benefits whatsoever . . . ." (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 36, p. 52.) To achieve these objectives, the Act only applies to a petitioner who is serving an indeterminate sentence based on offenses not defined as serious and/or violent felonies by section 667.5, subdivision (c) or section 1192.7, subdivision (c). (§ 1170.126, subd. (e)(1).) In addition, the petitioner's prior two strikes cannot be one of certain enumerated serious and/or violent felonies. (§ 1170.126, subd. (e)(3).)

Martinez's position presents a unique situation that section 1170.126, subdivision (e) does not clearly address. Martinez's two prior strikes do not exclude him from consideration under section 1170.126, subdivision (e)(3) because robbery is not a disqualifying offense. However, Martinez's conviction for spousal rape would have rendered him ineligible for resentencing per section 1170.126, subdivision (e)(3) if it had

9

been either his first or second strike.  In other words, Martinez would have qualified as one of the "truly dangerous criminals" who would "receive no benefits whatsoever" under the Act.  (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 36, p. 52; see §§ 1170.126, subd. (e)(3).)  Nevertheless, because Martinez's offense of spousal rape was one of his offenses leading to his current sentence, he argues that offense should play no role in determining his eligibility for resentencing.  Martinez essentially argues he should not be considered a truly dangerous criminal because he committed rape as part of the offenses leading to his current sentence.  We see no logic in this argument.

Because he was convicted of spousal rape, Martinez proved himself to be one of the truly dangerous criminals the Act was intended to keep in prison.  Thus, it would be inconsistent with the Act's intent for the superior court to simply ignore Martinez's conviction for spousal rape in determining his eligibility for resentencing under section 1170.126.  For this reason alone, we see no error in the court's denial of Martinez's petition for resentencing.

In addition, the text of section 1170.126 provides further support that the court correctly considered all felonies under which Martinez received an indeterminate life sentence.  As the People point out, in submitting a petition for recall of sentence, a petitioner must disclose the offenses that led to his prior strikes and all of the currently charged felonies that resulted in an indeterminate life sentence under section 667, subdivision (e)(2) or section 1170.12, subdivision (c)(2).  (§ 1170.126, subd. (d).)  Thus, for Martinez's petition, he was required to list count 1 and count 5 because the court

10

sentenced him to consecutive indeterminate life sentences for each of those counts.  If the court was not to consider all the felonies that led to his sentence, there would little need to require all of them to be listed.[6]

In addition, count 5 (spousal rape) is one of the enumerated felonies that section 1170.126, subdivision (e)(2) deems to render a petitioner ineligible for resentencing if it is one of the offenses leading to the current sentence.  Spousal rape falls under both section 677, subdivision (e)(2)(C)(ii) and section 1170.12, subdivision (c)(2)(C)(ii). Accordingly, Martinez's current conviction for spousal rape made him ineligible for resentencing.  (See §1170.126, subd. (e)(2).)  It also is a serious and violent felony, making Martinez ineligible for resentencing under section 1170.126, subdivision (e)(1).

Martinez alternatively contends the rule of lenity should apply here.  (See *People v. Avery* (2002) 27 Cal.4th 49, 57 (*Avery*).)  Our high court recently clarified the application of that rule:

> " 'That rule generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every

---

[6]     A possible justification for the inclusion of every felony leading to an indeterminate life sentence would be to aid the court in its determination of the risk of danger that the resentencing of the petitioner may cause.  (See § 1170.126, subd. (f).) However, that determination will require more than a list of felonies leading to indeterminate life sentences.  For example, if a court were to consider the risk of danger presented by resentencing Martinez, it undoubtedly would want to consider Martinez's other convictions for attempted forcible sodomy and attempted forcible penetration.  Yet, there is no requirement under section 1170.126 that a petition for recall reference a felony that did not result in the petitioner's current indeterminate life sentence or constitute a prior strike.  As such, we view the requirement that all felonies for which the petitioner received an indeterminate life sentence under the previous three strikes law as supporting the People's position that the superior court must consider both count 1 and count 5 in evaluating Martinez's petition for resentencing.

11

reasonable doubt on questions of interpretation. But . . . 'that rule applies "only if two reasonable interpretations of the statute stand in relative equipoise." [Citation.]' [Citations.]" [Citations.]' [Citation.] 'The rule of lenity does not apply every time there are two or more reasonable interpretations of a penal statute. [Citation.] Rather, the rule applies " 'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.' " [Citation.]' [Citation.]" (*People v. Nuckles* (2013) 56 Cal.4th 601, 611; original italics.)

We determine no such uncertainty exists here. Although the statute is not entirely clear that the superior court must consider all felonies or just the felony being challenged, section 1170.126 clearly was not intended to apply to a certain group of truly dangerous criminals of which Martinez is one. As we discuss above, we find support in the text that the superior court did not err here and should have considered all the felonies that lead to an indeterminate life sentence. "[A]lthough true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent." (*Avery*, *supra*, 27 Cal.4th at p. 58.) The rule of lenity therefore does not apply here.

In summary, we conclude the superior court correctly found Martinez was not eligible for resentencing under section 1170.126. We interpret section 1170.126 as requiring the superior court to consider all felonies that led to any indeterminate life sentence under the previous version of the three strikes law. If one of those felonies is a serious or violent felony or is otherwise disqualifying under the Act, section 1170.126 does not apply. That certainly is the case here. Martinez's conviction for spousal rape

(not to mention attempted forcible sodomy and attempted forcible penetration)[7] rendered Martinez ineligible for resentencing under section 1170.126.  The Act clearly was not intended to apply to a certain type of dangerous criminal.  Martinez is that kind of criminal.

DISPOSITION

The petition is denied.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.

---

[7]    Ironically, Martinez can present a colorable argument here only because the superior court granted his *Romero* motion as to the wrong counts.  Attempted forcible sodomy (count 3) and attempted forcible penetration (count 4) are both serious felonies (§ 1192.7, subd. (c)(39)) while corporal injury to spouse (count 1) is not.  Had the court granted the *Romero* motion only as to count 1, Martinez would have no argument that he was entitled to resentencing under section 1170.126.  (See § 1170.126, subd. (e)(1).)  Further, Martinez's conviction under counts 3 and 4 only underscores that he is a truly dangerous criminal to whom section 1170.126 was never intended to apply.

13