Filed 9/25/13  P. v. Murray CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057272 |
| v. | (Super.Ct.No. FVI1101154) |
| ROBERT JOHN MURRAY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Robert John Murray appeals after his probation was revoked and he was sentenced on the underlying offense. He originally pleaded guilty in August 2011, i.e., before October 1, 2011. After his probation was revoked, the court imposed sentence in August 2012, i.e., after October 1, 2011. Defendant contends that, as a matter of equal protection of the laws, he should be awarded additional conduct credits, which are statutorily awarded only to inmates who committed their crimes on or after October 1, 2011. More particularly, he argues that his credits should be calculated in a split fashion, applying the enhanced conduct credit rate to all local custody time served on and after October 1, 2011. We disagree, and we affirm the judgment.

FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty in August 2011 to a charge of possession of marijuana for sale. At the same time, he also admitted a strike prior. Pursuant to a plea agreement, he was placed on supervised probation, including a condition that he serve one year in custody.

In July 2012, the People filed a petition to revoke defendant's probation, based on several new offenses. Defendant admitted the probation violations. The court imposed sentence on the original offense, selecting the middle term of two years, doubled to four

2

years based on defendant's strike prior. The court awarded credits for 292 actual days in custody, plus 146 days of conduct credits, for a total of 438 days, attributable to his presentence local custody.

On appeal, defendant urges that he was entitled to additional custody credits. Penal Code section 4019[1] was amended to provide that inmates could earn custody credits at an enhanced rate for crimes committed on or after October 1, 2011. The amended statute expressly provides that the enhanced earning rate for custody credits was intended to apply prospectively only. Nevertheless, defendant invokes principles of equal protection to claim that he should also receive the benefit of earning conduct credits at the greater rate. That is, even though defendant concedes that the California Supreme Court, in *People v. Brown* (2012) 54 Cal.4th 314, resolved that a defendant is not entitled to earn increased conduct credits for local incarceration occurring before October 1, 2011, he maintains that the *Brown* court "did not resolve whether there is required to be a split calculation of credits for time spent [in local presentence custody] after October 1, 2011, based upon an Equal Protection claim."

## ANALYSIS

### I. Defendant's Custody Time

The underlying charge was filed against defendant in May 2011. Defendant pleaded guilty in August 2011, i.e., before October 1, 2011. On September 9, 2011, the

---

[1] All subsequent statutory references are to the Penal Code unless otherwise specified.

trial court placed defendant on probation for three years, including a condition that he serve 365 days in jail. Defendant did not appeal, and he served his time in custody until his release on January 13, 2012.

On July 2, 2012, the People filed a petition to revoke defendant's probation, based on three instances of law violation. On August 16, 2012, defendant admitted the violations; the court revoked defendant's probation and sentenced him to four years in state prison on the underlying offense. The court awarded him credit for 292 days in actual custody, plus 146 days of conduct credits, for a total of 438 days.

The probation report shows that defendant was in custody from July 3, 2011, until his release on probation on January 13, 2012, a period of 195 days. He was arrested for violating his probation on April 17, 2012, and remained in custody until May 5, 2012, a period of 19 days. He was again arrested on June 28, 2012, and remained in custody until sentencing on August 16, 2012, a period of 78 days. These periods comprise the 292 actual days of custody credit defendant was awarded at the time of sentencing.

The trial court awarded defendant 146 days of custody conduct credits, based on a six-for-four formula provided in former section 4019, subdivisions (b) and (g). (See Stats. 2010, ch. 426, §§ 1, 2, 5.) Defendant urges, however, that the latest amendment to section 4019 requires that he be awarded six-for-four credits only for the actual days in custody he served before the effective date of the amendment, October 1, 2011. After that date, his presentence custody conduct credits should be awarded pursuant to the enhanced formula (essentially, one-for-one credit) provided by the amendment. Defendant served 90 days between July 3, 2011 and September 30, 2011, and 202 days

4

on and after October 1, 2011.  He contends he should receive conduct credits of 45 days for the 90 days he served before October 1, 2011, and 202 days for the 202 days he served on and after October 1, 2011, for a total of 247 days of conduct credits.  He contends he should be awarded 101 additional days of conduct credits.

## II.  Statutory Amendments to Section 4019

Section 4019 has been amended multiple times.  Before January 25, 2010, defendants were entitled to six-for-four conduct credits, which is two days conduct credit for every four days of actual time served in presentence custody.  (Former § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553, 4554.)  This is sometimes also referred to as an effective ratio of one-for-two credits, although credits could be awarded only for each full four-day period served.

Operative as of January 25, 2010, the Legislature amended section 4019 to provide that prisoners, with some exceptions, earned an effective ratio of one-for-one conduct credits, although strictly speaking, the formula was two days of conduct credit for every completed unit of two days in custody.  (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.)  Operative September 28, 2010, the Legislature again amended section 4019.  (Stats. 2010, ch. 426, §§ 1, 2, 5.)  Subdivisions (b) and (g) restored the one-for-two presentence conduct credit calculation (in actuality, six-for-four) that had been in effect prior to the January 25, 2010 amendment.

Most recently, the Legislature amended section 4019 to provide for up to two days credit for each four-day period of confinement in local custody.  (§ 4019, subds. (b) &

5

(c).)  This scheme reflects the Legislature's intent that if all days are earned under section 4019, a term of four days will be deemed to have been served for every two days spent in actual custody.  (§ 4019, subd. (f).)  Again, this is sometimes referred to as one-for-one credits.  This version of section 4019 became operative on October 1, 2011.  (Stats. 2011, ch. 39, § 53.)

The crux of the matter is section 4019, subdivision (h), which provides:

"The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

The first sentence expressly pronounces that the amendment is intended to be applied prospectively only.  However, defendant urges that the second sentence suggests that "[t]he clear implication is that all inmates serving time after the amendment takes effect *are* similarly situated, notwithstanding when they committed their crimes, because they are all in a position to modify their behavior in response to the new law." Otherwise, there would be no reason, he argues, for specifying that the days earned before October 1, 2011, should be calculated at the old (one-for-two) rate, unless the days served on and after October 1, 2011, should be calculated at the new (one-for-one) rate, regardless of the date the offense was committed.

6

III. Defendant Is Not Entitled to Additional Presentence Custody Conduct Credits

There are three possible bases under which defendant might argue that he is entitled to earn conduct credits at the enhanced rate: as a matter of direct statutory provision; as a matter of statutory ambiguity, which must be construed in his favor; or as a matter of equal protection. We reject all three possible bases.

A. The Statutory Language Does Not Support a Claim for Enhanced Credits

In the prior version of section 4019, "the Legislature did not expressly declare whether the January 25, 2010, amendment was to apply retroactively or prospectively. [Citation.] Here, [in the current version,] the Legislature did expressly state the current version of section 4019 is to apply prospectively only to defendants who commit their offenses on or after October 1, 2011." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 52, fn. 4 (*Rajanayagam*).) Consistent with that plain expression, we interpret the most recent version of section 4019 as applying only to defendants who committed their offenses on or after October 1, 2011. The statute does not contain a provision granting trial courts authority to apply a split or two-tier credit system.

The current version of the statute is only applicable to inmates who commit crimes on or after October 1, 2011. We conclude that the trial court correctly calculated defendant's section 4019 credits according to a single accrual system.

B. There Is No Ambiguity in the Statutory Language

Defendant implies that the second sentence of section 4019, subdivision (h), creates an ambiguity in the statutory language. The second sentence is problematic

because if the current version of section 4019 only applies to people who committed crimes on or after October 1, 2011, then it is superfluous to include language concerning credits earned prior to October 1, 2011. Defendant suggests that this seemingly conflicting language must be construed in his favor and interpreted as creating a two-tiered or bifurcated system of credits. That is, when a penal statute "is susceptible of two reasonable interpretations, the appellate court should ordinarily adopt th[e] interpretation more favorable to the defendant." (*People v. Avery* (2002) 27 Cal.4th 49, 57.)

We are not persuaded; we do not find an ambiguity in the statutory language. The first sentence in section 4019, subdivision (h), plainly sets forth the rule that the current version of the statute applies only to defendants who committed crimes on or after October 1, 2011. In that context, the second sentence is not ambiguous. The second sentence reinforces the idea that defendants whose crimes were committed before October 1, 2011, are subject to earning credits at the rate set forth by the prior law. The second sentence also clarifies how to address the credit situation for inmates who commit crimes while in jail, e.g., those who have earned credits, but who have also committed a crime on or after October 1, 2011. In sum, we do not find an ambiguity in the statutory language.

C. Equal Protection Does Not Require Application of Conduct Credits at the

Enhanced Rate

Defendant's primary contention is that equal protection requires his conduct credits be calculated at the same rate as inmates who committed crimes on or after

8

October 1, 2011. He argues that there can be no justification for awarding inmates conduct credits at different rates based on the dates they committed their crimes. We disagree.

Where a statute distinguishes between classes of persons, but "neither touches upon fundamental interests nor is based on gender, there is no equal protection violation if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" (*Rajanayagam*, *supra*, 211 Cal.App.4th 42, 53.) The interest at issue in section 4019 is conduct credits or incentives to perform assigned work and to comply with institutional rules and regulations. (*Rajanayagam*, *supra*, 211 Cal.App.4th 42, 54-55.) This is not a fundamental interest, and therefore, the issue is whether the separate treatment of the classes bears a rational relationship to a legitimate state interest. (*Id.* at pp. 53-54.)

The separate classifications at issue in section 4019 bear a rational relationship to the state interest in cost savings. (*Rajanayagam*, *supra*, 211 Cal.App.4th 42, 55.) In other words, section 4019 is rationally related to the objective of reducing prison spending, which was a primary purpose of the Criminal Justice Realignment Act of 2011, which was the genesis of the latest amendment to section 4019. (*Rajanayagam*, *supra*, 211 Cal.App.4th 42, 49.) Defendant's equal protection rights were not violated because the legislation bears a rational relationship to the state's legitimate purpose.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

RICHLI

J.

MILLER

J.

10