Filed 4/9/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JAMES MICHAEL SHEEHY,<br><br>    Defendant and Respondent. | E058373<br><br>(Super.Ct.Nos. RIF1300157,<br>RIF1105737, RIF1202860,<br>RIF1204943 & RIF1206319)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Christian F. Thierbach, Judge.  Affirmed in part with directions; reversed in part with directions.

Paul E. Zellerbach, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Plaintiff and Appellant.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Respondent.

I

INTRODUCTION

The People challenge sentencing imposed under the Criminal Justice Realignment

1

Act of 2011 (Realignment Act) (Pen. Code, § 1170, subd. (h))[1] as to the following criminal cases:  RIF1300157 (petty theft); RIF1105737 (possession of and under the influence of methamphetamine); RIF1202860 (possession of and under the influence of methamphetamine); RIF1204943 (possession of Vicodin); and RIF1206319 (possession of methamphetamine).  The trial court sentenced defendant to three years in the first case for theft (RIF1300157).  The court also revoked probation as to each of the four additional cases (RIF1105737; RIF1202860; RIF1204943; and RIF1206319), imposed two-year concurrent terms for each of the felony convictions in the four cases, and imposed concurrent sentences of 365 days in jail for the misdemeanor convictions in case Nos. RIF1105737 and RIF1204843.  The trial court ordered that defendant was to serve his sentences in a county jail under the Realignment Act (§ 1170, subd. (h)).

The People contend the trial court erred in finding defendant eligible under the Realignment Act to serve his state prison sentence locally.  The People assert that under subpart (C) of section 1170, subdivision (h)(3), of the Realignment Act, defendant is not qualified to serve his sentence locally because he is required to register as a sex offender under section 290.  We agree.

Regardless of whether a defendant is required to register as a sex offender based on a current or prior sex crime conviction, the plain language of section 1170, subdivision (h)(3)(C), disqualifies defendant from serving his state prison commitment locally under the Realignment Act since he is required to register as a sex offender.  The provision in

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

defendant's sentence allowing him to serve his sentence locally under section 1170, subdivision (h), is therefore ordered stricken and defendant is required to serve his sentence in state prison. This change in defendant's sentence violates the agreed upon terms of defendant's plea agreement in case No. RIF1300157, in which defendant was promised local incarceration under the Realignment Act in case No. RIF1300157. Therefore judgment in case No. RIF1300157 is reversed and the case is remanded to the trial court to allow defendant, if he so chooses, to withdraw his guilty plea in case No. RIF1300157. Because of the reversal of judgment in case No. RIF1200157, resulting in reversal of the principal sentence term of three years in case No. RIF1300157, remand for resentencing as to the other four cases is also necessary. In all other regards, the judgment, as modified, is affirmed.

## II

## FACTS AND PROCEDURAL BACKGROUND

Defendant committed a string of drug-related crimes, for which he was prosecuted, pled guilty, was convicted, and was granted probation in the following cases:

(1) RIF1105737 (felony possession of methamphetamine; misdemeanor being under the influence of methamphetamine);

(2) RIF1202860 (felony possession of methamphetamine; misdemeanor being under the influence of methamphetamine);

(3) RIF1204943 (possession of Vicodin); and

(4) RIF1206319 (possession of methamphetamine).

3

Subsequently, on December 28, 2012, the Riverside County District Attorney filed a misdemeanor complaint, case No. RIM1217643,[2] charging defendant with annoying a child under the age of 18 (§ 647.6, subd. (a)) and violation of probation in the above listed four cases (RIF1105737, RIF1202860, RIF1204943, and RIF1206319). Following a jury trial on January 30, 2013, in case No. RIM1217643, defendant was convicted of annoying a child under the age of 18 (§ 647.6, subd. (a)) and violating probation in the four listed cases. Based on defendant's conviction for violating section 647.6, subdivision (a), defendant was required to register as a sex offender under section 290.

On January 30, 2013, the district attorney filed a complaint charging defendant with felony petty theft with a prior (§ 484, subd. (a)) and violation of misdemeanor probation. On March 1, 2013, defendant pled guilty to felony petty theft. Defendant's guilty plea was conditioned on receiving a two-year prison term concurrent with sentencing on case No. RIF1206319 and with local custody imposed pursuant to section 1170, subdivision (h), of the Realignment Act.

On March 1, 2013, the trial court sentenced defendant on all convictions in every case pending against him as follows. The court sentenced defendant in case No. RIF1300157, for petty theft with a prior, to three years. As to the four other felony cases (RIF1105737, RIF1202860, RIF1204943, and RIF10006319), the court revoked probation and sentenced defendant to concurrent terms of two years for the felony convictions in each of the four cases, and concurrent sentences of 365 days for the

---

[2] Judgment in RIM1217643 is not being appealed.

misdemeanor convictions in the case Nos. RIF115737 and RIF1202860.  The trial court ordered that defendant serve his sentence, as to all convictions, in a county jail under section 1170, subdivision (h), of the Realignment Act.  In addition, in case No. RIM1217643, the court denied probation and sentenced defendant to 365 days in county jail.

III

THE REALIGNMENT ACT

The sole issue here is whether the trial court erred in sentencing defendant to county jail under section 1170, subdivision (h), of the Realignment Act.  The People argue that, under section 1170, subdivision (h)(3)(C),[3] defendant is required to serve his sentence in state prison, because defendant is required to register as a sex offender under section 290 based on a prior conviction for a sex crime in case No. RIM1217643.  Defendant asserts that the subpart (C) exclusion of section 1170, subdivision (h)(3) (subpart (3)(C)), does not apply to prior sex crime convictions.  We disagree.  The subpart (3)(C) exclusion applies here.

---

[3]  As amended by the Realignment Act, the pertinent portion of section 1170, subdivision (h), now provides as follows:
"(2)  Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense.
"(3)  Notwithstanding paragraphs (1) and (2), where the defendant . . . (C) is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290) of Title 9 of Part 1, . . . an executed sentence for a felony punishable pursuant to this subdivision shall be served in state prison."

5

"The Realignment Act significantly changes felony punishment. Under prior law, felonies were offenses punished by death or imprisonment in state prison. [Citation.] The Realignment Act changes the definition of a felony to an offense punishable by death, imprisonment in state prison, or by 'imprisonment in a county jail under the provisions of subdivision (h) of Section 1170.' [Citation.]" (*People v. Lynch* (2012) 209 Cal.App.4th 353, 357.) Defendants sentenced under the Realignment Act are generally committed to county jail instead of state prison. (*People v. Griffis* (2013) 212 Cal.App.4th 956, 961.) However, prison sentences are imposed if the defendant has current or prior serious or violent felony convictions, is required to register as a sex offender, or has sustained a section 186.11 aggravated white collar crime enhancement. (*Id.* at pp. 961-962.) With certain exceptions, felons sentenced under the Realignment Act are committed to county jail rather than state prison, may have a concluding portion of their sentence suspended in lieu of probation, and are not subject to parole. (§§ 3000 et. seq., 1170, subd. (h)(1)-(3), (5).)

The legislative intent underlying the Realignment Act is codified in section 17.5. (Stats. 2011, ch. 39, § 5.) Section 17.5 states that the Legislature is committed "to reducing recidivism among criminal offenders." (§ 17.5, subd. (a)(1).) Because "policies that rely on building and operating more prisons . . . will not result in improved public safety," the Legislature declares in section 17.5 that "California must reinvest its criminal justice resources to support community-based corrections programs and evidence-based practices that will achieve improved public safety." (§ 17.5, subd. (a)(3)-(4).) The Legislature further declares in section 17.5 that "Realigning low-level felony offenders

6

who do not have prior convictions for serious, violent, or sex offenses to locally run community-based corrections programs, which are strengthened through community-based punishment, evidence-based practices, improved supervision strategies, and enhanced secured capacity, will improve public safety outcomes among adult felons and facilitate their reintegration back into society." (§ 17.5, subd. (a)(5).)

The parties in the instant action dispute the meaning of subpart (3)(C) of the Realignment Act. "[S]tatutory interpretation begins by examining the language of the statute, giving the words their ordinary meaning and considering them in the context of the statutory framework." (*People v. Kelly* (2013) 215 Cal.App.4th 297, 303 [Fourth Dist., Div. Two].) "[I]f statutory language is clear and unambiguous there is no need for construction or to resort to external indicia of the intent of the Legislature." (*Ibid.*) "In interpreting a statute, a court's objective is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.] To do so, we look first at the statutory language. If it is clear and unambiguous, we go no further. If, however, the language is ambiguous, we apply appropriate tools of statutory construction. [Citation.]" (*Id.* at pp. 304-305.)

Applying these standard principles of statutory construction, we conclude the language in subpart (3)(C) is clear and unambiguous. Contrary to defendant's view, his reading of the statute does not plausibly account for its language and therefore he has not tendered an ambiguity so as to trigger the "rule of lenity." (See *People v. Cornett* (2012) 53 Cal.4th 1261, 1271 [rule of lenity not applied unless two interpretations stand in relative equipoise].) Here, there is no "egregious ambiguity" or uncertainty in which

7

"the court can do no more than guess what the legislative body intended." (*People v. Avery* (2002) 27 Cal.4th 49, 58.) "[W]e presume that the Legislature meant what it said, rendering further inquiry into legislative intent unnecessary." (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 749.) Therefore no further effort is required beyond looking at the statutory language of subpart (3)(C) itself to discern the meaning of the exclusion.

Under subpart (3)(C), of the Realignment Act, defendant is required to serve his sentence in state prison, rather than county jail, because he is required to register as a sex offender in case No. RIM1217643. The fact that defendant is required to register as a sex offender based on a prior sex crime conviction, rather than a current conviction, does not preclude application of the subpart (3)(C) exclusion. The subpart (3)(C) exclusion is conditioned solely on a defendant's status of being required to register as a sex offender. No mention is made that registration must arise from a current conviction.

The fact that a defendant must register as a sex offender demonstrates that he poses a significant risk to society, regardless of whether he is required to register based on a prior or current conviction. This court cannot disregard the plain language of subpart (3)(C) and rewrite the provision to narrow its scope to encompass only defendants who are required to register based on a current conviction for a sex crime. (*People v. Garcia* (1999) 21 Cal.4th 1, 10.) If the Legislature intended such a condition, the Legislature could have easily included it in the statute. Since the Legislature did not restrict application of subpart (3)(C) to registration based on current sex crime convictions, we will not read such a condition into the statute.

8

Defendant argues that construing subpart (3)(C) to encompass registration based on prior and current sex crime convictions leads to an absurd, unjust result in that such construction could lead to confining a defendant in state prison based on a prior misdemeanor sex crime conviction, when sentencing for the offense would normally only require incarceration in jail. But under the plain meaning of the statute, it makes no difference how or when the requirement to register arose or whether the underlying sex crime was a misdemeanor or felony.

Defendant's contention that the subpart (3)(C) exclusion must arise from a current sex crime conviction is contrived and absurd. Defendant argues use of the verb "is," which is in the present tense, supports his construction of the statute that the subpart (3)(C) exclusion only applies to current convictions for sex crimes. But contrary to defendant's argument, the word "is" in subpart (3)(C) does not refer to the current act of the court ordering a defendant to register as a sex offender. "Is" refers to the current requirement that defendant *is* required to register. It makes no difference whether the court ordered the registration during the current proceedings or in the past based on a prior conviction. The risk is the same, whether the conviction that led to sex offender registration was a prior or current conviction for a sex crime. Construing the subpart (3)(C) exclusion as simply excluding those defendants who are required to register as sex offenders, regardless of when the court ordered registration, is consistent with the purpose of the Realignment Act, of "Realigning low-level felony offenders who do not have *prior* convictions for serious, violent, or *sex offenses* to locally run community-based corrections programs." (§ 17.5, subd. (a)(5); italics added.) The Legislature has

9

determined that those who are required to register as sex offenders have committed sex crimes and therefore pose a greater risk to society than low-level felony offenders.

Defendant further argues that because "prior" appears in other exclusions from the Realignment Act but not in the part of the statute pertaining to sexual offender registrants, the subpart (3)(C) exclusion only applies to defendants ordered to register based on a current conviction for a sex crime. We disagree. The other provisions exclude persons who have "a prior or current" serious or violent felony or a "prior" foreign conviction that would be serious or violent if committed in California. The subpart (3)(C) exclusion refers to a person's status, which might arise from a current or prior conviction in California or elsewhere, provided that such conviction triggers sexual offender registration. (See §§ 290, subds. (b) & (c), 290.005, 1170, subd. (h)(3)(C).) Had the Legislature wanted to limit the exclusion to persons ordered to comply with Realignment Act in current cases but not prior registrants—assuming there was some rational reason to do so—it would not have phrased the exclusion the way it did, to cover any person who "is required to register as a sex offender pursuant to" the Sex Offender Registration Act (§ 290, et seq.; § 1170, subd. (h)(3)(C)). "The plain language of the statute suggests that anyone required to register, whether or not for the current offense, will be excluded from sentencing under section 1170(h)." (Couzens & Bigelow, Felony Sentencing After Realignment (Jan. 2014) p. 30.)

The trial court's order allowing defendant to serve his state prison term locally under the Realignment Act violates the plain language of the subpart (3)(C) exclusion of the Realignment Act. Therefore defendant's sentence is reversed and he must serve his

10

sentence in state prison. Defendant does not qualify for local confinement under the Realignment Act because he is required to register as a sex offender. (§ 1170, subd. (h)(3)(C).)

IV

SUFFICIENCY OF EVIDENCE

Defendant alternatively argues the People failed to meet their burden of proof in establishing that the subpart (3)(C) exclusion of the Realignment Act applies. Defendant asserts that there was insufficient evidence that he was convicted of a sex crime and ordered to register as a sex offender under section 290. The record, however, shows this was well established and undisputed.

During the sentencing hearing on March 1, 2013, in case No. RIM1217643, the trial court noted that defendant was convicted of the misdemeanor of annoying and molesting a child (§ 647.6), and violated probation in case Nos. RIF1206319, RIF1204943, RIF1105737, and RIF1202860. The court also noted that a new case against defendant had been filed, case No. RIF1300157. Neither party disputed these facts. The trial court requested the deputy district attorney to see if the parties could resolve at the time of the March 1, 2013 sentencing hearing, the new case and other pending criminal cases, including the theft case and cases for violation of probation.

After the parties met during a recess in the sentencing hearing, defendant's attorney informed the court that defendant would plead guilty to the new charge, depending on the likely sentence. The court stated that it was inclined to impose a three-year term under the Realignment Act, with the sentences on all defendant's other cases to

11

be served concurrently. The court further noted that defendant's misdemeanor conviction in case No. RIM1217643 required registration as a sex offender. Defendant signed a felony plea agreement, which advised him that one of the consequences of pleading guilty in case No. RIF130057 was that the court would impose a two-year concurrent sentence under the Realignment Act.

After advising defendant of his constitutional rights and the consequences of pleading guilty, defendant waived his rights and pled guilty to the theft charge in case No. RIF130057. The court then sentenced defendant in all of the pending criminal cases against defendant, including RIF1217643. The judge noted that defendant had been tried and convicted in case No. RIF1217643. The trial court sentenced defendant in case No. RIF1217643 to a 365-day jail term and ordered him to pay a $300 fine pursuant to section 290.3. Section 290.3 provides that those convicted of sex offenses specified in section 290 are required to pay a $300 fine upon the first conviction, unless the defendant does not have the ability to pay the fine. (§ 290.3, subd. (a).)

The record shows that it was undisputed defendant was convicted by trial of a sex crime in case No. RIM1217643 and was required to register as a sex offender under section 290. The reporter's transcript of the sentencing hearing on March 1, 2013, confirms this, as does defendant's probation report. During sentencing regarding case No. RIM1217643, the judge told defendant: "I can't say that the jury verdict, based on the way the testimony shook out, was unreasonable. But unfortunately for you, you are going to have to register as a sex offender." The court added, with regard to defendant's three-year prison term in local custody in case No. RIF130057: "And I suspect you are

going to be out sooner rather than later, just given the crowding situation in the county jail." For this reason, those required to register as sex offenders are exempted from the Realignment Act provision allowing incarceration of defendants in local jails. Those who are required to register as sex offenders are considered a risk to the public, as are those who have been convicted of violent or serious felony offenses, and therefore must serve their sentences in state prison without the possibility of early release into the community.

The reporter's transcript and clerk's transcript establish there was sufficient evidence upon which the trial court reasonably concluded that defendant was convicted of a sex crime and was required to register as a sex offender. Furthermore, nothing in the record calls into question defendant's status as a sex offender registrant and this was undisputed at the time of sentencing.

V

CASE NO. RIF1300157 GUILTY PLEA

The parties agree that, in the event this court holds that the Realignment Act does not apply, defendant is entitled to withdraw his guilty plea solely in case No. RIF1300157, because one of the agreed-upon consequences of defendant's guilty plea in case No. RIF1300157 was that he would be sentenced under the Realignment Act and thus serve his two-year concurrent sentence imposed in case No RIF1300157 in local jail. (*People v. Segura* (2008) 44 Cal.4th 921, 929-930.) The People assert that, although defendant is entitled to withdraw his guilty plea in case No. RIF1300157, the remaining

13

misdemeanor and felony probation violations and the three-year prison sentence should remain unaffected.

We disagree as to sentencing. Revocation of probation in case Nos. RIF1105737, RIF1202860, RIF1204943, and RIF1206319 was not contingent upon defendant being convicted of theft in case No. RIF1300157. Probation revocation was based on defendant's conviction in case No. RIM1217643. However, the two-year sentences imposed on each of the four cases are concurrent sentences, with the three-year term imposed in case No. RIF1300157 serving as the principal term. Since defendant is entitled to withdraw his guilty plea in case No. RIF1300157, this matter must be remanded for resentencing as to case Nos. RIF1105737, RIF1202860, RIF1204943, and RIF1206139.

## VI

## DISPOSITION

The provision in defendant's sentence allowing defendant to serve his sentence locally under section 1170, subdivision (h), is ordered stricken.

In addition, as to case No. RIF1300157, judgment is reversed and the case is remanded to the trial court to allow defendant, if he chooses, to withdraw his guilty plea solely in case No. RIF1300157.

This case is also remanded for resentencing in case Nos. RIF1105737, RIF1202860, RIF1204943, and RIF1206319, since the principal term was the three-year

14

sentence imposed in case No. RIF130057, with concurrent two-year terms imposed in the other four cases.  In all other regards, judgment is affirmed as modified.

CERTIFIED FOR PUBLICATION

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.