Filed 7/7/16  P. v. Lowe CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064294 |
| v. | (Super.Ct.No. RIF1401259) |
| BUDDY LEE LOWE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Reversed with directions.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Brendon W.

Marshall and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and

Respondent.

1

Defendant Buddy Lee Lowe appeals from the denial of his petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act. The trial court concluded defendant's felony convictions for second degree burglary of a gas station (Pen. Code, § 459; all additional statutory references are to the Penal Code unless indicated) and unlawfully acquiring or retaining access card account information (§ 484e, subd. (d)) did not qualify for resentencing under Proposition 47 (§ 1170.18).

We conclude the trial court erred, and we reverse the order denying defendant's petition. Defendant's convictions for second degree burglary and for acquiring or retaining access card account information qualify for resentencing under Proposition 47 if the value of the property defendant acquired did not exceed $950, so we remand for the trial court to make a determination of the value and to determine if defendant poses an unreasonable risk of danger to public safety.

I.

PROCEDURAL BACKGROUND

The People charged defendant with two counts of second degree burglary (Pen. Code, § 459, counts 1-2), one count of unlawfully acquiring and retaining access card account information (Pen. Code, § 484e, subd. (d), count 3), and one misdemeanor count of unlawfully possessing drug paraphernalia (Health & Saf. Code, § 11364.1, count 4). The People also alleged defendant: (1) committed the alleged crimes while on bail (Pen. Code, § 12022.1); (2) suffered a prior serious and violent felony conviction for burglary of a dwelling (Pen. Code, § 459) within the meaning of Penal Code sections 667,

2

subdivisions (c) and (e)(1) and 1170.12, subdivision (c)(1); and (3) violated the conditions of his probation in a separate case (Pen. Code, § 1203.2, subd. (b)).

Defendant pleaded guilty to all four counts and admitted the special allegations and probation violation in exchange for a sentencing recommendation of four years eight months in state prison. The trial court accepted defendant's guilty pleas and admissions, and sentenced him forthwith.

Almost exactly two months later, the voters adopted Proposition 47, which reduced certain property and drug offenses from felonies to misdemeanors and provides for resentencing of certain defendants currently serving felony sentences under prior law. Through his attorney, defendant promptly filed a petition in the superior court requesting resentencing on one or both of his burglary convictions (the form does not specify which), stating "he believe[d] the value of the . . . property [acquired during the burglary or burglaries] did not exceed $950."

Assuming defendant petitioned for resentencing on counts 1 through 3, the People filed an opposition contending a conviction for unlawfully acquiring or retaining access card account information under section 484e, subdivision (d), is not a qualifying felony under Proposition 47, and that defendant's second degree burglary convictions also did not qualify because, according to the police report, count 2 involved the use of a stolen credit card at a gas station and count 1 involved entering a dwelling and stealing car keys and a car valued at more than $950.

In its order setting a hearing on defendant's petition, the trial court noted the "[i]ssue is loss value on [section] 459 PC." During the hearing, the judge stated, "This is a gas station case," and asked whether the People were arguing defendant was ineligible for resentencing under Proposition 47 because he used a stolen credit card. The prosecutor responded, "Yes." The trial court then asked defense counsel, "So your position is that just because he used a credit card, he should not be ineligible and it should be still treated as . . . shoplift[ing] [under section] 459.5?" Defense counsel responded, "Yes. It's still larceny within a commercial establishment, and therefore he should be entitled to relief." Although the court had asked, "What was taken from the gas station?" neither attorney answered the question or addressed the value of the property at issue. The judge concluded defendant was ineligible for relief under Proposition 47. "I don't think when you go and use another person's [credit] card and pretend you are that person . . . that is . . . shoplift[ing] within the meaning of [section] 459.5." Therefore, the judge denied defendant's petition.

Defendant timely appealed.

II.

DISCUSSION

A. *Standard of Review*

On appeal, defendant contends the trial court erred by denying his petition for resentencing with respect to his convictions for second degree burglary on count 2 and

for acquiring or retaining access card account information on count 3.  He provides no argument for resentencing on his conviction for burglary on count 1.

Whether Proposition 47 applies to defendant's convictions for second degree burglary based on false pretenses theft and his conviction for acquiring and retaining access card account information are questions of statutory interpretation we review de novo.  (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)  "When we interpret an initiative, we apply the same principles governing statutory construction.  We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole.  If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language.  If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure."  (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

B.       *Proposition 47 Applies to the Offense of Second Degree Burglary Based on False Pretenses Theft When the Value of the Property so Acquired Is $950 or Less*

Defendant argues his second degree burglary conviction would have been misdemeanor shoplifting in violation of section 459.5 had Proposition 47 been in effect at the time of his offense and, therefore, he is entitled to resentencing under section 1170.18.  According to defendant, his crime of producing another person's credit card with the intent to obtain products or services from a gas station "qualifies as larceny within the meaning of section 459.5."  The issue of whether theft by false pretenses satisfies an intent

5

to commit larceny within the meaning of section 459.5 is currently pending before our Supreme Court. (*People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171.) We conclude it does.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.) If a defendant qualifies for resentencing under Proposition 47, the trial court shall recall the felony sentence and resentence the defendant to a misdemeanor unless it determines, in its discretion, the defendant "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b); see *id.* subds. (b)(1)-(3) [listing factors to consider when determining dangerousness], (c) [defining "'unreasonable risk of danger to public safety'"].)

Among the crimes reduced to misdemeanors by Proposition 47 "are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal. Such offense is now characterized as shoplifting as defined in new section 459.5." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) Section 459.5, subdivision (a), provides: "*Notwithstanding Section 459*, shoplifting is defined as entering a

6

commercial establishment *with intent to commit larceny* while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." (Italics added.) "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).)

The People concede defendant's second degree burglary conviction on count 2 involved him entering a commercial establishment during regular business hours. However, the People contend defendant's burglary conviction does not qualify as shoplifting under section 459.5 because he did not commit the burglary with the intent to commit a "larceny." We conclude otherwise.

In 1927, the formerly distinct crimes of larceny, embezzlement, and obtaining property by false pretenses were statutorily consolidated under the definition of "theft" found in section 484. (*People v. Avery* (2002) 27 Cal.4th 49, 53, fn. 4; *People v. Davis* (1998) 19 Cal.4th 301, 304.) "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, *by any false or fraudulent representation or pretense*, defraud any other person of money, labor or real or personal property . . . is guilty of theft." (§ 484, subd. (a), italics added.) At the same time the Legislature adopted the definition of theft in section 484, it adopted section 490a, which provides: "Wherever any law or statute of this state refers to or

7

mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted thereof."  Burglary is defined as entering a building or structure "with intent to commit grand or petit larceny or any felony."  (§ 459.)  "Thus, the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, *including 'petit' theft by false pretenses*."  (*People v. Nguyen* (1995) 40 Cal.App.4th 28, 31, italics added (*Nguyen*); accord, *People v. Parson* (2008) 44 Cal.4th 332, 354 ["An intent to commit theft by a false pretense or a false promise without the intent to perform will support a burglary conviction."].)

When defendant pleaded guilty to second degree burglary, he admitted to entering a gas station "with the intent to use somebody's access card or credit card."  In other words, defendant admitted he committed theft by false pretenses when he fraudulently passed off another person's credit card as his own to obtain products or services. (E.g., *Perry v. Superior Court* (1962) 57 Cal.2d 276, 282-283 ["To support a conviction of theft for obtaining property by false pretenses, it must be shown:  (1) that the defendant made a false pretense or representation, (2) that the representation was made with intent to defraud the owner of his property, and (3) that the owner was in fact defrauded in that he parted with his property in reliance upon the representation."].) Applying sections 484, subdivision (a), and 490a, we must conclude defendant harbored the intent to commit a larceny.  Because defendant entered a gas station with the intent to commit a larceny, his crime satisfied the intent for shoplifting under section 459.5 and he is entitled to reclassification and resentencing under section 1170.18.

The People counter that defendant's offense of theft by false pretenses does not constitute "larceny" and, therefore, is not governed by section 459.5. For this proposition, the People cited *People v. Gonzales* (which, as noted *ante*, has been depublished by the Supreme Court's grant of review) and *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*). We conclude *Williams* does not control this appeal.

In *Williams*, *supra*, 57 Cal.4th 776, the defendant used payment cards re-encoded with another person's credit card information to buy Walmart gift cards, then used force against a security guard who tried to detain him. (*Id*. at p. 780.) Among other things, a jury convicted Williams of four counts of second degree robbery in violation of section 211. (*Williams*, at p. 780) Williams argued his robbery convictions could not stand because his theft by false pretenses did not satisfy the element of a "felonious taking." The Supreme Court agreed. The court concluded the element of a "felonious taking" for robbery (§ 211) found its roots in the common law crime of larceny (*Williams*, at pp. 781-784), and that by using the phrase "felonious taking" in the robbery statute "the California Legislature in all likelihood intended to attach to the statutory phrase the same meaning the phrase had under the common law. [Citation.]" (*Williams*, at p. 786.) Under the common law, "larceny requires a 'trespassory taking,' which is a taking without the property owner's consent. [Citation.] . . . By contrast, theft by false pretenses involves the *consensual* transfer of possession as well as *title* of property; therefore, it cannot be committed by trespass." (*Id*. at p. 788.) Because Walmart consented to the sale of the gift cards, albeit under false pretenses, the court held "defendant did not commit a *trespassory* (nonconsensual) taking, and hence did not

9

commit robbery." (*Ibid*.)  Therefore, the court reversed the robbery convictions.  (*Id*. at p. 790.)

The *Williams* court had to look to the common law to find the meaning of the undefined phrase "felonious taking" in the robbery statute (§ 211), and in doing so the court relied on the *common law* definition of larceny to conclude a person who commits theft by false pretenses has not committed a robbery.  The common law definition of larceny is simply inapplicable here.  Unlike in the context of *robbery*, the Legislature adopted express statutory definitions that apply to burglary and related theft crimes, including the new crime of shoplifting:  "theft" includes obtaining property by false pretenses, and the terms "theft" and "larceny" are synonymous.  (§§ 484, subd. (a), 490a; see *Nguyen*, *supra*, 40 Cal.App.4th at p. 31.)

The People also argue Penal Code section 459.5 is limited to the "conventional definition of 'shoplifting,'" i.e., theft of displayed merchandise from a store during business hours, and defendant's offense of theft by false pretenses does not fall within that meaning.  We are not convinced the voters intended to limit Penal Code section 459.5 to the commonplace definition of shoplifting.  The legislative analysist's analysis of Proposition 47 and the arguments in favor of and against Proposition 47 contain nothing to support the People's assertion.  (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) pp. 35-39, at <http://vig.cdn.sos.ca.gov/2014/general/en/pdf/complete-vigr1.pdf> [as of July 5, 2016].)  More importantly, by defining the new statutory crime of shoplifting to consist of "entering a commercial establishment *with intent to commit larceny*" (Pen. Code, § 459.5, subd. (a), italics added), we must assume the voters were

10

aware of Penal Code section 490a and, therefore, intended the term "larceny" to incorporate all forms of theft and not merely those commonly associated with shoplifting. (See *In re Derrick B.* (2006) 39 Cal.4th 535, 540 [assuming voters were aware of Welf. & Inst. Code, § 203 and its judicial construction when they adopted Pen. Code, § 190.3].)

Because the trial court denied defendant's petition with respect to count 2 based solely on its conclusion that defendant's burglary does not constitute shoplifting under section 459.5, we must reverse the order.

Although the trial court identified the value of the property acquired from the gas station as an issue in this case, it made no findings with respect to value. Defendant alleged the value at issue was $950 or less, but he was not transported from custody for the hearing and his attorney introduced no evidence of value. Moreover, it is unclear whether the People's opposition to the petition challenged defendant's allegation regarding value on count 2. On remand, the trial court shall conduct a new hearing to determine whether the value of the property acquired was, in fact, $950 or less. Contrary to defendant's suggestion in his reply brief, he bears the burden of proving the value. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 878-880; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137.) In addition, on remand, the trial court may, in its discretion, determine whether defendant should not be resentenced because he poses an unreasonable risk of danger to public safety. (§ 1170.18, subds. (b), (c).)

C. *Proposition 47 Applies to the Offense of Acquiring or Retaining Access Card Account Information When the Value of the Property Does Not Exceed $950*

Defendant also contends the trial court erred by denying his petition for resentencing on his conviction for acquiring or retaining access card account information in violation of section 484e, subdivision (d).  Whether a conviction under section 484e, subdivision (d), qualifies for reclassification and resentencing as petty theft under Proposition 47 (§§ 490.2, 1170.18) is pending before the California Supreme Court. (*People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted Jan. 20, 2016, S231405.)  We conclude it does.

Section 484e, subdivision (d), provides:  "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."  Prior to the passage of Proposition 47, grand theft by acquiring or retaining access card account information was a felony punishable by no more than one year in county jail pursuant to section 1170, subdivision (h)(2). (§ 489.)

The crime of acquiring or retaining access card account information in violation of section 484e, subdivision (d), is not expressly listed in section 1170.18.  However, Proposition 47 added section 490.2, subdivision (a), which provides, in pertinent part, "Notwithstanding Section 487 *or any other provision of law defining grand theft*, obtaining any property *by theft* where the value of the money, labor, real or personal

12

property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Italics added.) "Petty theft is punishable by fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or both." (§ 490.) A conviction that would have been petty theft under section 490.2, had Proposition 47 been in effect at the time, is eligible for reclassification and resentencing under section 1170.18.

On its face, section 490.2 applies to *all* theft convictions if the value of the property acquired did not exceed $950. Acquiring or retaining access card account information is statutorily defined as grand theft (§ 484e, subd. (d)), so the offense should qualify as petty theft under section 490.2 and for resentencing under section 1170.18. However, the People argue a conviction under section 484e, subdivision (d), does not constitute petty theft because: (1) section 484e is part of a comprehensive consumer protection scheme the voters did not intend to disturb; and (2) section 484e, subdivision (d), "is not purely a 'theft' crime" and, therefore, does not qualify as petty theft. We are not persuaded.

As the People contend, "Penal Code section 484e, subdivision (d) is part of a 'comprehensive statutory scheme which punishes a variety of fraudulent practices involving access cards.'" (*People v. Molina* (2004) 120 Cal.App.4th 507, 512-513 (*Molina*), quoting *People v. Butler* (1996) 43 Cal.App.4th 1224, 1232; see §§ 484e-484j.) By adopting section 484e, "The Legislature intended to provide broad protection to innocent consumers." (*Molina*, at p. 519.) The People contend the voters are presumed to be aware of the broad consumer protection function behind section 484e, and we

should not impute to the voters an intent to override the Legislature's intent. But as already noted, Proposition 47 clearly and unambiguously applies, without exception, to *all* theft offenses, including offenses that were previously defined as grand theft. (§ 490.2, subd. (a).) The voters specified that Proposition 47 is to be "broadly" and "liberally" construed to effectuate its purposes. (Ballot Pamp., *supra*, text of Prop. 47, § 18, p. 74.) Therefore, unless we can discern a contrary intent, we must presume the voters intended to reduce to a misdemeanor the offense of acquiring or retaining access card account information.

Nor are we convinced our interpretation of section 490.2 undermines the intent behind section 484e. *Molina* found section 484e, subdivision (d), was enacted "to provide broad protection to innocent consumers" because the intent to defraud found in section 484e is broader than the intent to alter a card found in the previous statute. (*Molina*, *supra*, 120 Cal.App.4th at pp. 518-519.) By reducing section 484e, subdivision (d), from grand theft to petty theft, Proposition 47 merely reduced the *punishment* for acquiring or retaining access card account information and did not narrow the broad scope of the offense.

As for the People's characterization of section 484e, subdivision (d), as not purely a theft crime, the People are correct a defendant may violate the statute by acquiring *or* retaining access card account information with the intent to defraud, and there is no requirement a defendant actually *use* the information and *cause* a loss. (*Molina*, *supra*, 120 Cal.App.4th at p. 516 [§ 484e, subd. (d) "does not require that the information actually be used or that the account of an innocent consumer actually be charged or

billed"].) Fraudulent *use* of access card account information is a separate crime. (§ 484g.) However, although mere retention of access card account information with the intent to use it fraudulently might not fit the ordinary definition of theft (§ 484, subd. (a)), and access card account information might not fit the ordinary definition of personal property, we are not free to ignore the fact the Legislature expressly defined the offense as "grand *theft*." (§ 484e, subd. (d), italics added.)

Unlike with count 2, the trial court did not expressly state why it denied defendant's petition for resentencing on count 3. Because the People's opposition to defendant's petition only argued the conviction on count 3 was not a qualifying felony, we assume the trial court denied the petition with respect to count 3 because it concluded a conviction under section 484e, subdivision (d), does not qualify as petty theft under section 490.2. On appeal, the People do not argue the order should nonetheless be affirmed because the value of the property exceeded $950. For the foregoing reasons, we reverse the order.

As with defendant's second degree burglary conviction on count 2, the record on appeal does not reflect the value of the access card account information. On remand, the trial court shall conduct a hearing to determine in the first instance what that value is and determine whether defendant poses an unreasonable risk of danger to public safety.

III.

DISPOSITION

The order denying defendant's petition for reclassification and resentencing under Proposition 47 is reversed. On remand, the trial court shall conduct a new hearing to determine whether the value of the property acquired in counts 2 and 3 did not exceed $950. If the trial court concludes the value did not exceed $950, and that defendant does not pose an unreasonable risk of danger to public safety, it shall resentence defendant pursuant to section 1170.18.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.